**Jim SKELTON, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 14–99–00805–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2001.

---

Jim Skelton, Pro Se.

Jennifer A. Hasley, Steve D. Statham, Houston, Linda Acevedo, Julie Ann Ford, Austin, for Appellee.

Panel consists of Justices HUDSON and SEYMORE, and Senior Chief Justice MURPHY.*

## OPINION

HUDSON, Justice.

This is an appeal from a summary judgment in favor of the Commission for Lawyer Discipline on its claim that appellant, Jim Skelton, engaged in professional misconduct by violating rules 1.01(b)(1), 1.01(b)(2), 1.03(a), 1.04(d), 8.01(b), 8.04(a)(1), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01(b)(1), 1.01(b)(2), 1.03(a), 1.04(d), 8.01(b), 8.04(a)(1), and 8.04(a)(8), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). After conducting a separate hearing to determine the appropriate disciplinary measures, the trial court ordered that Skelton be disbarred. In fourteen points of error, Skelton challenges the trial court's grant of summary judgment and the trial court's determination of sanctions. We affirm.

The Commission initiated this attorney discipline action after Skelton refused to answer two grievance complaints filed against him. The first complaint was filed by Billy Hayes, an indigent criminal defendant, who claimed Skelton had refused to meet or speak with him after being appointed by the district court to represent him on an appeal from a robbery conviction. Hayes further alleged that Skelton demanded a payment of $500.00 before he would continue working on the case. The State Bar of Texas sent Skelton notice of Hayes' grievance and advised him of his obligation to submit a written response. The State Bar also served Skelton with a

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

subpoena for his documents relating to Hayes' case. Skelton failed to submit a written response and ignored the subpoena for documents. The State Bar then subpoenaed Skelton to appear before the State Bar's grievance committee, but he refused to appear.

The second grievance was filed by Bessie Latour, who alleged that Skelton had agreed to represent her in a civil suit in exchange for a contingency fee. Latour complained that Skelton neglected her legal action and failed to bring it to a conclusion. She further asserted that Skelton did not execute a written contingent fee agreement because he advised her it was unnecessary. The State Bar sent Skelton notice of Ms. Latour's grievance and, once again, advised him of his obligation to submit a written response. He was also served with another subpoena asking for the documents relating to Ms. Latour's case. Skelton neither filed a written response nor complied with the subpoena. Skelton was again subpoenaed to appear before the State Bar's grievance committee. Again, he failed to appear.

The Commission brought this disciplinary action in response to Skelton's refusal to answer the grievance complaints. Its petition asked the trial court to find that Skelton committed professional misconduct and to order the appropriate sanctions. The record reflects the Commission attempted to serve Skelton with process on eleven separate occasions. Proper service was finally accomplished through substituted service and Skelton filed a general denial. After making a *pro se* appearance, Skelton ignored the Commission's interrogatories, requests for production, and requests for admissions. In light of appellant's refusal to respond to the Commission's request for admissions, the requests for admissions were deemed admitted by operation of law.

The Commission then filed a motion for summary judgment. The summary judgment hearing was originally set for April 5, 1999, and Skelton was served with notice of the hearing on March 12, 1999. The trial court, due to a scheduling conflict, reset the hearing to April 16, 1999. Skelton was notified of the reset on March 29, 1999. Skelton failed to respond to the Commission's motion for summary judgment and failed to appear at the April 16 hearing. At the April 16 hearing, the trial court granted the Commission's motion for summary judgment. The trial judge held a hearing to determine the appropriate disciplinary measures immediately after he granted the Commission's motion for summary judgment. At the conclusion of the hearing, he ordered Skelton's disbarment and entered a final judgment on the Commission's action. In response to his disbarment, Skelton retained counsel and filed a motion for a new trial. The trial court denied the motion.

■ Skelton's first point of error maintains the trial court erred in granting summary judgment because the Commission's motion for summary judgment alleged "there *are* genuine issues of material fact." (Emphasis added). Skelton contends this language constitutes a judicial admission of the existence of genuine issues of material fact which preclude the grant of summary judgment. We disagree.

In a section titled "Undisputed Facts," the Commission's motion for summary judgment lists fifty-three *undisputed* facts based on deemed admissions. (Emphasis added). In the section titled "Summary of the Argument," the motion for summary judgment states: "Based on the *uncontested* facts and evidence, Petitioner is entitled to summary judgment as a matter of law with regard to Respondent's violations of the [Texas Disciplinary Rules]." (Emphasis added). In the section titled "Argu-

ments and Authorities," the Commission reiterated its position:

> The underlying facts are *not in dispute*. The only dispute is whether Respondent's conduct violated the Texas Disciplinary Rule[s] of Professional Conduct. Accordingly, Petitioner is entitled to a summary judgment as a matter of law.

(Emphasis added). In the very next paragraph, however, the motion inconsistently asserts "there are genuine issues of material fact." In the concluding paragraph, the motion alleges: "The *undisputed* facts and evidence support Petitioner's Motion for Summary Judgment and a finding that Respondent violated the Texas Disciplinary Rules of Professional Conduct." (Emphasis added).

■ Considering the tenor of the entire motion, we must conclude the aforementioned anomaly is merely a typographical error. As such, it constitutes a defect in form and not a judicial admission. A defect in form is waived on appeal if not first raised in the trial court. *Martin v. Durden*, 965 S.W.2d 562, 565 (Tex.App—Houston [14th Dist.] 1997, pet. denied). Accordingly, appellant's complaint is waived, and his first point of error is overruled.

■ In his second point of error, Skelton contends the trial court erred in granting the Commission's motion for summary judgment because he received insufficient notice of the hearing on the Commission's motion pursuant to Tex.R. Civ. P. 166a. Rule 166a requires that the motion and any supporting affidavits be filed and served at least twenty-one days prior to the hearing absent leave of the trial court. Tex.R. Civ. P. 166a(c). Because the Commission chose to serve Skelton process by certified mail, Rule 21a requires the Commission to add three days to the prescribed period. Tex.R. Civ. P. 21a. Accordingly, the Commission was required to provide notice of the summary judgment hearing twenty four days in advance.

■ The record establishes that the Commission sent Skelton the motion, supporting affidavits, and notice of the April 5 hearing via certified mail on March 12, 1999. This fully satisfied the Commission's obligation to provide Skelton with the motion, supporting affidavits, and notice of the hearing twenty four days in advance of the hearing pursuant to Rules 21a and 166a. Thereafter, on March 29, Skelton received notice of the hearing's reset to April 16. The reset of the hearing actually allowed Skelton additional time to respond to the Commission's motion. Accordingly, Skelton was only due "reasonable notice" of the rescheduling, not a full twenty one days. *LeNotre v. Cohen*, 979 S.W.2d 723, 726 (Tex.App.—Houston [14th Dist.] 1998, pet. denied). Reasonable notice means at least seven days prior to the hearing. *Id.* Appellant received notice eighteen days in advance of the hearing. We find this notice was reasonable.

In his reply brief, Skelton asserts the Commission substantially transformed its original motion with its Motion for Leave of Court without any prior notice. The motion requested leave to supplement the motion to for summary judgment with additional evidence. Even if we were to find the supplementation substantially transformed the motion, it was filed and mailed to appellant on March 16, 1999—more than twenty-four days before the hearing on April 16. Accordingly, appellant's second point of error is overruled.

Skelton's third point of error alleges the trial court erred in granting the Commission's Motion for Leave of Court and its Motion to Deem First Request for Admissions Admitted because he did not receive sufficient notice of the hearings on these motions. We have already determined

that Skelton received appropriate notice of appellant's Motion for Leave of Court. With respect to the Commission's motion to deem the request for admissions admitted, such motion was wholly unnecessary. Skelton was properly served with the Commission's requests for admissions on December 30, 1998. When he failed to respond, the requests were automatically deemed admitted against him. TEX.R. CIV. P. 198.2(c). No court order was needed. Accordingly, we overrule appellant's third point of error.

▮ In his fourth point of error, Skelton contends the trial court erred in granting the Commission's Motion for Summary Judgment because the Commission failed to properly authenticate the exhibits attached to its motion for summary judgment. "Without a proper objection, defects in the authentication of attachments in support of a motion for summary judgment or response are waived." *Watts v. Hermann Hosp.*, 962 S.W.2d 102, 105 (Tex. App.—Houston [1st Dist.] 1997, no pet.). There is no indication in the record that Skelton raised this objection to the trial court prior to its granting the Commission's motion for summary judgment. Accordingly, Skelton's complaint on appeal is waived, and we overrule his fourth point of error.

▮ Skelton's fifth, sixth, and seventh points of error attack the validity of the affidavits the Commission attached in support of its motion for summary judgment. Skelton contends the affidavits are invalid and do not support the trial court's summary judgment because they: (1) contain mere legal conclusions; (2) raise fact issues; and (3) do not recite facts, but simply factual conclusions. The standards for review of a summary judgment are well established: (1) the movant must show there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, the court must take evidence favorable to the nonmovant as true; and (3) the court must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in the nonmovant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Because the propriety of a summary judgment is a question of law, we review the trial court's decision *de novo*. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex.1994).

▮ An objection regarding the conclusive nature of an affidavit is an objection to the substance of the affidavit that can be raised for the first time on appeal. *Green v. Indus. Specialty Contractors, Inc.*, 1 S.W.3d 126, 130 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Moreover, affidavits containing conclusory statements unsupported by facts are not competent summary judgment proof. *Wright v. Greenberg*, 2 S.W.3d 666, 675 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). While we agree with Skelton's assertion that Mr. Hayes' and Ms. Latour's affidavits contain conclusory statements, we find they also contain factual assertions which provide valid support for appellee's motion. These uncontroverted factual assertions coupled with the other summary judgment proof, including the documentary evidence and the deemed admissions, provide a sufficient basis for the trial court's grant of summary judgement. Accordingly, we overrule Skelton's fifth, sixth, and seventh points of error.

In his eighth point of error, Skelton contends the "trial court erred in allowing the case to be called to trial without proper notice, due course of law, or due process to appellant." Skelton alleges that, according to the trial court's docket sheet, the trial court "apparently called the case to trial

without any notice of trial given to Appellant and Respondent." He bases this contention on a notation by the trial court on its docket sheet that the case was called for trial on April 16, 1999. However, a review of the transcript from the April 16 hearing on the motion for summary judgment demonstrates that this notation was in error and the case was *not* called for trial. The point of error is wholly frivolous and overruled.

Skelton's ninth point of error asserts the trial court erred in allowing oral evidence to be presented at the hearing on the motion for summary judgment in violation of Tex.R. Civ. P. 166a. This point also turns upon a notation in the trial court's docket sheet. Skelton directs this court to a statement on the docket sheet indicating that evidence was presented on both the motion for summary judgment and at the hearing to determine the appropriate disciplinary measures. Once again, a review of the transcript of the hearing on the motion for summary judgment demonstrates that no oral testimony was presented in support of Appellee's motion for summary judgment. We overrule appellant's ninth point of error.

In his tenth point of error, Skelton contends the trial court held a hearing to determine the appropriate disciplinary measures without giving him proper notice of the hearing. Skelton asserts the trial court's failure to properly notify him of the hearing denied him due process of law under both the state and federal constitutions.

 Due process and due course of law exists to prevent the state from depriving persons of liberty and property without notice and hearing. *Nelson v. Clements*, 831 S.W.2d 587, 591 (Tex.App.—Austin 1992, writ denied). There are two components of the protections afforded by the clause—substantive and procedural.

The substantive component of the Due Course of Law Clause protects citizens from state action arbitrarily or capriciously depriving them of an interest in life, liberty, or property. *Ho v. Univ. of Texas at Arlington*, 984 S.W.2d 672, 683 (Tex. App.—Amarillo 1998, pet. denied). The procedural component provides that citizens are entitled to notice and an opportunity to be heard at a meaningful time in a meaningful manner before any rights in life, liberty, or property may be taken away by the state. *Id.* at 684. Moreover, an attorney in a disciplinary proceeding is entitled to procedural due process. *Weiss v. Commission for Lawyer Discipline*, 981 S.W.2d 8, 14 (Tex.App.—San Antonio 1998, pet. denied). Perhaps the simplest and ultimate test of due process of law is the presence or absence of rudiments of fair play. *State v. Crank*, 666 S.W.2d 91, 94 (Tex.1984).

Here, the Commission's motion for summary judgment requested that the court: (1) find Skelton had committed professional misconduct; and (2) order the appropriate disciplinary sanction. The motion was set for a hearing, and Skelton received timely notice of the same. Under the Rules of Disciplinary Procedure, which Skelton is presumed to know, the decision to hold a separate sanctions hearing is discretionary. TEX. DISCIPLINARY R. PROF'L CONDUCT 3.10. In other words, after making a finding of professional misconduct, a trial judge may immediately impose sanctions.

 If Skelton had attended the summary judgment hearing, we find he could not have objected to the subsequent sanctions hearing for lack of notice because any prudent attorney would reasonably expect the trial judge to immediately consider appropriate sanctions after making a finding of professional misconduct. In other words, we hold that procedural due

process was satisfied when: (1) Skelton was served with the notice of hearing on the summary judgment; (2) the Commission's motion for summary judgment expressly requested the imposition of sanctions; and (3) Skelton was presumptively aware of the trial court's authority to impose sanctions following a finding of professional misconduct, with or without a separate sanctions hearing. Accordingly, Skelton is not entitled to more due process because he voluntarily chose not to attend the summary judgment motion hearing than he would have been entitled had he appeared at the hearing. Appellant's tenth point of error is overruled.

Skelton's eleventh point of error maintains that the trial court erred in granting the motion for summary judgment because the Commission failed to present sufficient proof to support the grant of summary judgment. In his twelfth point of error, Skelton further contends the trial court erred in granting the motion for summary judgment because the Commission presented no competent proof to support the grant of summary judgment. As we have previously observed, the evidence in support of the motion included numerous deemed admissions which were alone sufficient to support the judgment. After carefully reviewing the record, we find the Commission submitted sufficient summary judgment proof to warrant the trial court's summary judgment. Accordingly, we overrule appellant's eleventh and twelfth points of error.

Appellant's thirteenth and fourteenth points appear to be a general restatement of his previous arguments. The points simply recite general principles of summary judgment law and fail to conform with TEX.R.APP. P. 38(h). Accordingly, the final two points of error are overruled.

The judgment of the trial court is affirmed.