Affirmed and Opinion filed May 20, 2004









Affirmed and Opinion filed
May 20, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00829-CV

_______________

 

ALFRED SANTOS, Appellant

 

V.

 

COMMISSION FOR LAWYER DISCIPLINE, Appellee

__________________________________________________________

 

On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 02-03271

__________________________________________________________

 

O P I N I O N

The Commission for Lawyer Discipline
filed a disciplinary action against appellant, Alfred Santos, alleging professional
misconduct.  In eleven issues, Santos
appeals the trial court=s judgment that he committed professional misconduct, its
imposition of a one-year fully probated suspension from the practice of law and
monetary sanctions.  We affirm.[1]  








Factual
Background

Vladimir Celovsky retained Santos to
represent him in an immigration matter. 
A hearing was scheduled in the case on May 11, 2000; however, Santos
failed to appear at the hearing.  At some
point following the May 11 hearing, Celovsky retrieved his file from Santos and
hired another attorney.  When Celovsky
requested a refund of the $500 retainer paid to Santos, Santos refused to
return the money and Celovsky filed a grievance against him.  

After an initial investigation, the
Commission for Lawyer Discipline commenced a disciplinary action against
Santos.  The case was tried before the
court, which found Santos committed professional misconduct in violation of
Rule 1.01(b)(1) of the Texas Disciplinary Rules of Professional Conduct.  Tex.
Disciplinary R. Prof=l Conduct 1.01(b)(1), reprinted in Tex. Gov=t Code Ann.,
tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, ' 9).  The trial court imposed a one-year fully
probated suspension from the practice of law and, as an ancillary sanction,
ordered Santos to pay $4,725 in attorney=s fees and $865.80 in costs.[2]  This appeal ensued.

Discussion

In his brief, Santos lists his
appellate issues as follows:

1.         Tapes of the initial grievance hearing were admitted into
evidence despite the fact that they were not produced during discovery.

2.         Tapes from the initial grievance hearing were admitted into
evidence despite the fact that they were hearsay.

3.         Tapes from the initial grievance hearing were admitted into
evidence despite the fact that they are confidential.

4.         Tapes from the initial grievance hearing were admitted
despite the fact that the trial was de-novo.

5.         Set the Disciplinary Action to commence more than 180 days
after the date the Disciplinary Petition was filed with the district clerk. 








6.         Allowed evidence concerning Court costs and attorney fees
which was never provided during discovery.

7.         No notice that sanctions portion of the trial was to be
separate was provided.

8.         By violating its own regulations, the Commission has
violated Equal Protection and Due Process provisions of the Texas and United
States Constitutions.

9.         Bankruptcy was never agreed to be waived.

10.       There is insufficient evidence to support a finding of
misconduct.

11.       No hearing was provided despite timely filing for New
Trial.  

 

A. 
Evidentiary Rulings

We begin by addressing Santos=s first four issues, concerning
admission of the videotape made during his initial grievance committee
hearing.  Santos argues the videotape
should have been excluded because: (1) it was not produced during discovery;
(2) it is hearsay; and (3) it is confidential under the Texas Rules of Disciplinary
Procedure.[3]  Further, Santos states that the trial court
is required to hear the disciplinary proceeding de novo and, by admitting the
videotape from a prior hearing, the trial court violated this rule. 

A trial
court=s
decision to admit or exclude evidence is reviewed for an abuse of
discretion.  Horizon/CMS Healthcare
Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  Unless an erroneous evidentiary ruling
probably caused the rendition of an improper judgment, we will not reverse
it.  Melendez v. Exxon Corp., 998
S.W.2d 266, 274 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).  In deciding
whether the exclusion or admission of evidence probably resulted in rendition
of an improper judgment, we review the entire record.  Horizon, 34 S.W.3d at 907; Melendez,
998 S.W.2d at 274.  If there is any
legitimate basis to support the trial court=s
evidentiary ruling, we must uphold the trial court=s
ruling.  Owens-Corning Fiberglas Corp.
v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). 








Here, we
do not address whether the videotape was admissible because, assuming without
deciding for the purposes of this appeal, that the trial court abused its
discretion in admitting the tape, Santos fails to demonstrate that its admission
probably resulted in an improper judgment. 
See Tex. R.
App. P. 44.1(a)(1); Interstate
Northborough P'ship v. State, 66 S.W.3d 213, 217 (Tex. 2001) (applying harm
analysis after assuming without deciding the trial court abused its discretion
in excluding evidence).  Indeed,
Santos fails to include any argument regarding a harm analysis.[4]  Moreover, upon review of the record, Celovsky=s
testimony on the videotape did not differ materially from his testimony during
the bench trial and therefore, was cumulative. 
See Hasty Inc. v. Inwood Buckhorn Joint Venture, 908 S.W.2d 494,
501B02 (Tex.
App.CDallas
1995, writ denied) (noting that reversible error requires a showing the
evidence admitted was dispositive and not merely cumulative).  In sum, because Santos has failed to
demonstrate that any alleged error in admitting the videotape probably resulted
in an improper judgment, we overrule issues one through four.

B.  Jurisdictional Challenge

In his
fifth issue, Santos claims the trial court lost jurisdiction over the matter
because the disciplinary petition was filed on January 22, 2002; however, trial
was set for July 24, 2002, more than 180 days later.  See Tex.
R. Disciplinary P. 3.07 (requiring a disciplinary action commence no
later than 180 days after the disciplinary petition is filed). 








First, we note that the time period
within Rule 3.07 is directory only, not mandatory, and therefore, failure to
comply does not deprive the court of jurisdiction.  See Favaloro v. Comm=n for Lawyer Discipline, 13 S.W.3d 831, 836 (Tex. App.CDallas 2000, no pet.); see also
Risker v. Commission
for Lawyer
Discipline, 94 S.W.3d 625, 630 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  Further, other than citing to the
disciplinary rule, Santos makes no argument nor cites any authority in support
of his position and failed to present this argument to the trial court.  We overrule Santos=s fifth
issue.  See Tex. R. App. P. 33.1(a), 38.1(h). 

C.  Sanctions

Santos=s sixth
issue concerns the admission of sanctions evidence.  According to Santos, evidence of attorney=s fees
was presented Aonly at closing argument.@  He asserts that under the Rules of Civil
Procedure, because there was no disclosure regarding attorney=s fees
during discovery, the trial court erred in admitting this evidence during the
sanctions hearing. See Tex. R.
Civ. P. 193.6(a).

Following
the Commission=s closing statement, the
Commission=s attorney requested Santos
receive a probated suspension and that attorney=s fees be
imposed.  In support of those fees,
counsel offered affidavits as to the amount of the fees and costs.  Santos objected, claiming he had requested
expert witness information on attorney=s
fees.  The Commission=s
attorney stated that information regarding attorney=s fees
had been supplied to Santos.  At that point, the court informed the
parties that, should it find Santos violated the rules of professional conduct,
a separate evidentiary hearing concerning sanctions could be conducted.  Santos, however, stated that if a sanctions
hearing was going to be held, he was ready to proceed.  He then reurged his objection to the attorney=s fees evidence.  The judge asked the parties if any discovery
had been done on the issue and Santos read into the record several requests for production served on
the Commission.  Our record does not
contain the discovery requests.   








Subsequently,
the trial court recessed for a short period to allow Santos to examine the
evidence and, after review, Santos again objected, claiming that his questions
during discovery were about sanctions. 
The court examined Santos=s
discovery requests, but did not construe them as requesting evidence of
attorney=s fees.[5]  Though the Commission claims it objected to
Santos=s
requests, the alleged objections are not in the record, but it appears that the
Commission did attempt to respond to Santos=s
discovery requests.  

Following
this exchange, the trial court admitted the affidavits regarding attorney=s fees
and costs.  Ultimately, the court
concluded the proceedings by stating that, should she find a violation, she
would allow ten to fourteen days to supplement Aany
information you want the court to consider as part of any sanctions.@  The record fails to reflect that Santos
submitted any further information on the issue.

It is
within the trial court=s
discretion to determine the punishment of a lawyer found guilty of professional
misconduct.  See Curtis v. Comm=n for
Lawyer Discipline, 20 S.W.3d 227, 234B35 (Tex.
App.CHouston
[14th Dist.] 2000, no pet.).  The Rules
of Disciplinary Procedure provide that a trial court may, also in its
discretion, hold a separate, evidentiary hearing to determine the appropriate
sanctions to be imposed, and attorney=s fees
and court costs may be awarded as an ancillary sanction.  Tex.
R. Disciplinary P. 1.067), (T), 3.10. A disciplinary action heard in a
district court is subject to the Texas Rules of Civil Procedure, except as
varied by the Disciplinary Rules.  See
Tex. R. Disciplinary P. 2.14,
3.08(B).  For the purposes of this case,
we assume without deciding that sanctions evidence is subject to the Rules of
Civil Procedure.    








The Rules
of Civil Procedure provide that a party may discover information concerning a
testifying expert.  Tex. R. Civ. P. 194.2(f).[6]  Rule 195.1 provides that a party may request
the information only through a request for disclosure under Rule 194.  Tex.
R. Civ. P. 195.1.  Here, from the
record before us, it appears that Santos attempted to discover expert
information regarding attorney=s fees
through requests for production. 
Therefore, to the extent he requested expert information through a
request for production, his requests were improper because they failed to
comply with the Rules of Civil Procedure. 
See id.  








This does
not mean that a party cannot request documents supporting the amount of
attorney=s fees
claimed through other discovery tools and, if Santos made such a request, as he
claims, then the Commission would have been obligated to respond to it.  If the Commission failed to respond to a
proper request, then Santos could rightfully have asserted that evidence of
attorney=s fees
should be excluded under Rule 193.6.  See
Tex. R. Civ. P. 193.6.  However, in this case the record does not
contain the discovery requests in question and it is unclear whether the
alleged requests, responses, and objections were made.  Because there is no evidence in the record
that Santos properly requested information concerning evidence of attorney=s fees,
we cannot conclude the Commission was under an obligation to produce it.  See Kawasaki Motors Corp., U.S.A. v.
Thompson, 872 S.W.2d 221, 224 (Tex. 1994) (indicating that if there is no
proper request for discovery, there is no corresponding duty to respond); City
of Paris v. McDowell, 79 S.W.3d 601, 606 (Tex. App.CTexarkana
2002, pet. ref=d) (noting that because there was
nothing in the record to indicate the evidence admitted was never specifically
requested through discovery, there was arguably no duty to supplement).  Moreover, the trial court could have allowed
the Commission to admit the evidence if it found there was good cause for the
Commission=s alleged failure to respond or
that the failure would not unfairly surprise or prejudice Santos.[7]  See Tex.
R. Civ. P. 193.6(a) (1)B(2). 

Finally,
Santos fails to demonstrate he was prejudiced by the trial court=s
actions.  The trial court gave Santos the
opportunity for additional discovery relating to  attorney=s fees
sought by the Commission and offered to continue the hearing to allow him to
obtain the information he claimed he was not provided.  In effect, the trial court granted the same
relief available under 193.6(c) had the Commission not been able to carry its
burden under 193.6(b), that is, a postponement to allow a response to the
discovery and to allow Santos to conduct discovery on any new information
presented by the response.  See Tex. R. Civ. P. 193.6(b), (c).  Santos declined the offer to continue the
proceedings, insisting on going forward. 
He can hardly be heard to argue that he was unfairly prejudiced.[8]  We overrule Santos=s sixth
issue.  








In his
seventh issue, Santos complains he was not provided with notice of a separate
sanctions hearing.  The Rules of
Disciplinary Procedure provide that it is within the trial court=s discretion to hold a separate evidentiary
hearing on sanctions.  Tex. R. Disciplinary P. 3.10.  Thus, after making a finding of
professional misconduct, the trial court may immediately impose sanctions.  Skelton v. Comm=n for
Lawyer Discipline, 56 S.W.3d 687, 693 (Tex. App.CHouston
[14th Dist.] 2001, no pet.). As an attorney, Santos is presumed to be familiar
with the provisions in the Rules of Disciplinary Procedure and should have
reasonably expected the court would immediately consider sanctions.[9]  See id. 
Also, Santos did not object to the lack of notice of a separate
sanctions hearing.  Certainly, Santos
received notice of the trial.  Moreover,
when the issue of a sanctions hearing was raised, Santos stated that he was
ready to proceed.[10]  We overrule Santos=s seventh
issue.  See id.; see also Tex. R. App. P. 33.1, 38.1(h).    

Next, in
his eighth issue, Santos argues that the trial court=s final
order, which states the sanctions imposed will not be dischargeable in
bankruptcy, is a violation of his due process and equal protection rights under
the Texas and United States Constitutions. 
Again, the record does not reflect that Santos objected to the court=s
judgment or complained in any manner regarding the bankruptcy language and
thus, he has failed to preserve this issue for our review.  See Tex.
R. App. P. 33.1; see also Magnuson v. Mullen, 65 S.W.3d 815, 829 (Tex. App.CFort Worth 2002, pet. denied) (noting
that even constitutional complaints may be waived if not properly presented to
the trial court).  Further, Santos
fails to provide any argument or authority in support of his contention.  See Tex.
R. App. P.  38.1(h).  We overrule Santos=s eighth
issue. 

Likewise,
Santos has waived his ninth issue.  In
presenting that issue, Santos states: ABy
violating its own regulations, (see points of error 3, 4, 5,) and by violating
The (sic) Texas Rules of Civil Procedure, (see points of error 1, 2, 6, 7, 8)
the Commission has violated Equal Protection and Due Process provisions of the
Texas and United States Constitutions.@  This is the extent of his argument.  Moreover, there is no indication in the
record that Santos ever raised this argument in the trial court.  We overrule Santos=s ninth
issue.  See Tex. R. App. P. 33.1, 38.1(h); Magnuson, 65 S.W.3d at 829.     








In his
tenth issue, Santos states that the evidence is insufficient to support the
trial court=s judgment.  In his brief, Santos contends that Celovsky=s
testimony was contradictory and therefore, did not meet the burden of the
Commission to prove misconduct by a preponderance of the evidence.  See Tex.
R. Disciplinary P. 3.08(c) (providing that disciplinary actions must be
proved by a preponderance of the evidence). 
However, the trier of fact is the sole judge of the credibility of
witnesses and the weight to be given to their testimony.  See Curtis, 20 S.W.3d at 231.  We may not substitute our judgment for that
of the trial court in a bench trial.  Id.  Moreover, Santos fails to cite to any portion
of the record in support of his contention that Celovsky=s
testimony was inconsistent, and also fails to cite to any authority.  We find Santos has waived this issue.  See Tex.
R. App. P. 38.1(h); see also Curtis, 20 S.W.3d at 231 n.2 (noting
that an appellate court is under no duty to search the record for evidence to
support an appellant=s
position).  

Even
assuming Santos preserved the issue, we disagree that the evidence is
insufficient to support the verdict. 
Santos was found to have violated Rule 1.01(b)(1) of the Texas
Disciplinary Rules of Professional Conduct, which provides that in representing
a client, a lawyer must not Aneglect a
legal matter entrusted@ to him.[11]  Tex.
Disciplinary R. Prof=l Conduct 1.01(b).  

In a
factual sufficiency challenge, we consider all of the evidence in the
record.  See Plas‑Tex, Inc. v.
U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  We weigh and examine the evidence which
supports the verdict and that which is contrary to it.  Aquila Southwest Pipeline, Inc. V. Harmony
Exploration, Inc., 48 S.W.3d 225, 236 (Tex. App.CSan
Antonio 2001, pet. denied).  We set aside
the verdict only if the evidence is so weak, that the verdict is clearly wrong
and manifestly unjust.  See Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986).








Here,
Celovsky testified he met with Santos on April 29, 2000 concerning the
immigration matter and hired Santos on that date to represent him.  According to Celovsky, he met with Santos
again on May 3 and paid him $500.  A
receipt for the money was admitted into evidence.  He also stated he gave Santos documents
concerning the case, including a notice to appear in court on May 11 at 9:00
a.m.  Celovsky testified that he
specifically requested Santos be present at the May 11 hearing, as well as any
other hearings in the case.  Further,
Celovsky testified that he and Santos agreed they would meet early on May 11,
prior to the hearing, to sign papers. 
Celovsky testifiedBBand
Santos did not denyBBthat
Santos failed to appear for the hearing. 
Santos did not contact Celovsky prior to the hearing to advise him he
would not attend.  

Celovsky
testified that following the hearing he went to Santos=s office
and was told Santos was in a hearing.  He
then requested his file from Santos=s
secretary and, after receiving it, left the office.  Celovsky contacted Santos the next morning
and they met that afternoon.  Celovsky
stated that when he questioned Santos concerning his failure to attend the
hearing, Santos got angry with him and told him to leave or Santos would call
the police.  Celovsky asked Santos to
refund the retainer fee, but Santos refused. 
Celovsky then filed a grievance.  

According
to Santos=s testimony, he failed to attend
the hearing because Celovsky came and stole his file from Santos=s office
prior to the hearing date.  Without
Celovsky=s file,
Santos stated he was unaware of the hearing date and the amount of money
Celovsky paid him.  Santos testified that
Celovsky came to his office on May 8 to fill out some paper work, became angry,
and left with his file.

After
examining all of the record evidence, we conclude that there is sufficient
evidence to support the trial court=s
judgment.  Accordingly, we overrule
Santos=s tenth
issue. 








In his
final issue, Santos contends that because the trial court refused to conduct a
hearing on his motion for new trial, his due process and equal protection
rights were violated.            Each point relied upon in a motion
for new trial must be designated in such a way that the complaint can be
clearly identified and understood by the trial court.  Tex.
R. Civ. P.  321.  In addition, grounds of objections couched in
general terms shall not be considered by the trial court.   Tex.
R. Civ. P.  322.  The allegations in a motion for new trial
must be sufficiently specific to enable the trial court to understand what
error is being alleged.  See id. If
objections asserted in a motion for new trial are stated too broadly, the trial
court is under no obligation to consider the motion.  Id.; D/FW Commercial Roofing Co.
v. Mehra, 854 S.W.2d 182, 189 (Tex. App.CDallas 1993, no writ).  

In this case, it is not clear what
Santos=s arguments are in his motion for new
trial.  The trial court does not have to
speculate as to the nature of alleged errors and did not err in failing to
conduct a hearing on Santos=s motion.  See Tex. R. Civ. P. 322; Mehra, 854
S.W.2d at 190.  We also note, Santos
failed to sign his motion for new trial and therefore, the motion was
defective.  See Tex. R. Civ. P. 320.  Finally, Santos fails to present any argument
or cite to any authority in support of his contention that his constitutional
rights were violated by the lack of a hearing on the motion.  See Tex.
R. App. P. 38.1(h).  We overrule
Santos=s eleventh issue. 

In sum,
we overrule all of Santos=s issues
on appeal and accordingly, affirm the judgment of the trial court.

 

/s/        Eva M.
Guzman

Justice

 

Judgment rendered and Opinion filed
May 20, 2004.

Panel consists of Chief Justice
Hedges, and Justices Frost and Guzman.

 

 











[1]  We publish this
opinion pursuant to Texas Rule of Disciplinary Procedure.  See Tex.
R. Disciplinary P. 6.06, reprinted in Tex. Gov=t Code Ann., tit. 2, subtit. G app. A-1 (Vernon 1998). 





[2]  Santos filed
an unsigned and unverified motion for new trial which was apparently overruled
by operation of law.  





[3]  Tex. R. Disciplinary P. 2.15 (providing
information and statements coming to the attention of the investigatory panel
of the grievance committee must remain confidential and may not be disclosed to
any person or entity unless disclosure is ordered by the court).   





[4]  Santos notes
in his brief that the Commission was Aable to
conduct depositions with information only they possessed.@  To the extent
Santos may consider this a harm analysis, we note that at trial Santos
acknowledged the tape had been produced approximately three months prior to
trial.  In addition, the Commission
disclosed the existence of the tape to Santos in response to his discovery
request, noting it could not be produced under Rule 2.15 of the disciplinary
procedure rules because it was confidential. 
See Tex. R. Disciplinary
P. 2.15.   Consequently, Santos
had knowledge of the tape during the discovery period, but failed to pursue
production of the tape.  Finally, Santos
was also present at the grievance committee hearing, though he did arrive late,
and had knowledge of Celovsky=s allegations.  





[5]  Specifically, Santos stated he had requested information A[c]oncerning any and all documents
related to intentions that Alfred G. Santos should be reprimanded . . . .@  In response,
the Commission provided Santos with a copy of a private reprimand.   





[6]  Specifically,
the Rule allows discovery of the following information:

 

(1) the expert=s name, address, and telephone
number;

(2) the subject matter on which the
expert will testify;

(3) the general substance of the
expert=s mental impressions and opinions
and a brief summary of the basis for them, or if the expert is not retained by,
employed by, or otherwise subject to the control of the responding party,
documents reflecting such information;

(4) if the expert is retained by,
employed by, or otherwise subject to the control of the responding party:

 

(A) all documents, tangible things,
reports, models, or data compilations that have been provided to, reviewed by,
or prepared by or for the expert in anticipation of the expert=s testimony; and

(B) the expert=s current resume and
bibliography[.] 

 

Tex. R. Civ. P. 194.2(f).





[7]  We note, in its original disciplinary petition the Commission prayed
for costs of court and attorney=s fees.





[8]  Santos does not argue that the Commission was not entitled to costs of
court and attorney=s fees. See Tex. R. Disciplinary P. 1.06 7), (T).  





[9]  The Commission had requested sanctions be imposed in their pleadings. 





[10]  In his motion
for new trial, Santos states: AIt was at this late stage in the trial that it was
claimed that trial notice was never properly provided.  It this is true (sic), then additional issues
of discovery time periods, answer periods, pleading amendment and jury request
become an issue.@  To the extent
Santos may argue his motion apprises the court of his complaint, we
disagree.  First, we note that Santos has
failed to provide any record cites, directing our attention to where this issue
was raised during the Alate stage in the trial@ and our
independent review of the record does not reveal that Santos raised the
issue.  Finally, after reading his
motion, we do not agree that it sufficiently served to direct the trial court=s attention to his complaint that he failed to receive
lack of notice of a separate evidentiary hearing.  See Tex. R. App. P. 33.1. 





[11]  Neglect is defined in the Rules as Ainattentiveness involving a conscious disregard for the
responsibilities owed to a client or clients.@ 
Tex. Disciplinary R. Prof=l Conduct 1.01(c).