Opinion issued April 10, 2008













Opinion issued April 10, 2008








 

 

 

 

 

 

 






 








 




 
 
  
 
 




     

 

 

 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-06-00607-CV

 



 

ADVANCED MODULAR POWER SYSTEMS, INC. D/B/A A.M.P.S. AND GARY
MCCANN, Appellants

 

V.

 

E-ONE NEW YORK, INC., FIRE APPARATUS SPECIALISTS, AND CHRIS PEDDE,
Appellees

 



 

On Appeal from the 281st District Court

Harris County,
Texas

Trial Court Cause No. 2004-09492

 



 

MEMORANDUM OPINION

 








          Appellants,
Advanced Modular Power Systems, Inc. d/b/a/ A.M.P.S. and Gary McCann (collectively,
AAMPS@), challenge the trial court=s
grant of summary judgment in favor of appellees, E-One New York, Inc., Fire
Apparatus Specialists, and Chris Pedde (collectively, AE-One@).  In two issues, AMPS argues that the trial
court erred in granting summary judgment in favor of E-One and in denying AMPS
leave to file its First Amended Original Petition.

We affirm.

Background

AMPS=s original petition, filed February 23, 2004, alleged
causes of action for business disparagement, violations of the Texas Deceptive
Trade Practices Act (ADTPA@)[1],
negligence, and gross negligence.  AMPS
alleged that it suffered damages due to E-One=s
publication of statements that AMPS=s
products were of poor quality and that AMPS did not honor its warranties.  E-One filed a general denial and asserted
several affirmative defenses, including limitations and defect in the parties.








On
July 1, 2005, E-One filed a no-evidence motion for summary judgment[2]
which claimed that AMPS had no evidence to support any of its claims.[3]  On the same day, E-One served AMPS with
notice of a hearing on the summary judgment motion to be conducted on July 25,
2005.  On July 25, 2005, the trial court
ordered a continuance and reset the hearing. 
On August 15, 2005, E-One filed a traditional motion for summary
judgment under Texas Rule of Civil Procedure 166a(c).[4]  Over the coming months, several more settings
for a summary judgment hearing were delayed and reset.

On
September 15, 2005, AMPS substituted new counsel at a status conference, and
AMPS=s new
counsel was given an opportunity to conduct limited discovery.  In February 2006, the parties entered into a
Rule 11[5]
agreement to reset the hearing to March 27, 2006 to allow AMPS to take the
deposition of a representative of E-One, Inc. of Ocala, Florida (AE-One
of Ocala@),
provided that AMPS=s response to the motions for
summary judgment would be served on E-One=s
counsel by March 13, 2006.  AMPS
presented E-One=s counsel with a limited
response to the motions on March 20, 2006, which addressed only the issues of
capacity and the existence of a defamatory statement.  AMPS=s
limited response was filed with the trial court on March 23, 2006.  Also on March 23, 2006, AMPS attempted to
amend its original petition to add E-One of Ocala as a defendant. 








The
hearing on E-One=s summary judgment motions was
held March 27, 2006.  On March 29, 2006,
the trial court granted E-One=s
motion for final summary judgment, denied AMPS leave to file amended pleadings,
and dismissed the case.

Jurisdiction

Preliminarily, we address
E-One=s argument that this
court does not have jurisdiction to hear this appeal because AMPS did not file
a timely notice of appeal.  The trial
court=s final order on the
motions for summary judgment was signed on March 29, 2006.  The deadline for AMPS to file its motion for
new trial was, therefore, April 28, 2006. 
See Tex. R. Civ. P. 329b(a).  AMPS=s supplemental briefing
indicates that AMPS mailed its motion for new trial by first class mail on
April 28, 2006.  The motion was received
by the trial court and file stamped on May 1, 2006.  Rule 5 of the Texas Rules of Civil Procedure
allows, AIf any document is sent
to the proper clerk by first-class United States mail in an envelope or wrapper
properly addressed and stamped and is deposited in the mail on or before the
last day for filing same, the same, if received by the clerk not more than ten
days tardily, shall be filed by the clerk and be deemed filed in time.@  Tex.
R. Civ. P. 5.  AMPS
has met these requirements.  Therefore,
the deadline for filing its notice of appeal was extended to June 27,
2006.  See Tex. R. App. P. 26.1(a)(1).  AMPS=s
notice of appeal was filed on June 27, 2006, giving this Court jurisdiction to
hear its appeal.

 








Summary
Judgment

Standard
of Review

We
review de novo the trial court=s
grant of summary judgment.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  We must make inferences, resolve doubts, and
view the evidence in the light most favorable to the non-movant.  Rhône-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex.
1999).  E-One filed both a traditional
motion for summary judgment and a no-evidence motion for summary judgment.  See Tex.
R. Civ. P. 166a(c), (i).  We focus
first on the no-evidence motion.








A
no-evidence summary judgment motion asserts that no evidence exists as to at
least one essential element of the non-movant=s
claims on which the non-movant would have the burden of proof at trial.  Bendigo
v. City of Houston, 178 S.W.3d 112, 114 (Tex. App.CHouston
[1st Dist.] 2005, no pet.) (citing Jackson v. Fiesta Mart, Inc.,
979 S.W.2d 68, 70B71 (Tex. App.CAustin
1998, no pet.)).  The trial court must
grant the motion unless the non-movant produces summary judgment evidence that
raises a genuine issue of material fact. 
Tex. R. Civ. P. 166a(i); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). 
We must ascertain whether the non-movant produced more than a scintilla
of probative evidence to raise a genuine issue of material fact.  Bendigo,
178 S.W.3d at 114.  When, as here,
a trial court=s order granting summary
judgment does not specify the grounds relied upon, we affirm the summary
judgment if any of the summary judgment grounds is meritorious.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872B73 (Tex. 2000).  An appellant must negate all possible
grounds.  Star-Telegram, Inc. v. Doe,
915 S.W.2d 471, 473 (Tex. 1995); Ellis v.
Precision Engine Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.CHouston
[1st Dist.] 2002, no pet.).  If the
appellant fails to negate each possible ground upon which the judgment may have
been granted, an appellate court must uphold the summary judgment.  See Ellis, 68 S.W.3d at 898.

Notice
and Opportunity for Discovery

In its
first issue, AMPS argues that the trial court=s
summary judgment in favor of E-One was erroneous.  Regarding the no-evidence motion, AMPS
specifically argues that it did not have adequate time to develop its discovery
and that it did not receive proper notice of the hearing or of the need for a
response to E-One=s no-evidence summary judgment
motion.  AMPS also argues that the trial
court could only have considered the motion for no-evidence summary judgment on
the issues of capacity and whether or not there had been a defamatory statement.








A
no-evidence motion for summary judgment is proper when there has been adequate
time for discovery.  Tex. R. Civ. P. 166a(i).  To determine whether adequate time for
discovery has elapsed, we examine such factors as: (1) the nature of the case;
(2) the nature of the evidence necessary to controvert the no-evidence motion;
(3) the length of time the case was active; (4) the amount of time the
no-evidence motion was on file; (5) whether the movant had requested stricter
deadlines for discovery; (6) the amount of discovery already completed; and (7)
whether the discovery deadlines in place were specific or vague.  Brewer & Pritchard, P.C. v. Johnson,
167 S.W.3d 460, 467 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied).  We
review a trial court=s determination of whether an
adequate time for discovery has passed under an abuse of discretion
standard.  Id.

Here,
the no-evidence motion for summary judgment was filed on July 1, 2005, more
than 16 months after AMPS filed its original petition.  The no-evidence motion for summary judgment
was properly before the trial court because the time for discovery had ended
before it was filed.  Furthermore, the
trial court extended the discovery period on at least one occasion, and the
parties both agreed that there was a clear docket control order in place.  The hearing on the motion did not occur until
March 27, 2006, more than two years after AMPS filed its original
petition.  Nothing in the nature of the
case or in the evidence indicates AMPS needed more time than it had already
been given to conduct discovery.  We
conclude that there was reasonable time for discovery, and that the trial court
did not abuse its discretion in considering the no-evidence motion for summary
judgment.  See Brewer & Pritchard,
167 S.W.3d at 467.








Furthermore,
AMPS had proper notice both of the need to file a response to E-One=s
no-evidence motion and of the hearing.  A
party is required to file the motion and supporting affidavits at least 21 days
before the time specified for the hearing.  Tex. R. Civ. P. 166a(c); see also Tex.
R. Civ. P.
166a(i) cmt. (AThe existing rules
continue to govern the general requirements of summary judgment practice.@).  The purpose of this rule is to give the
non-movant a full opportunity to respond on the merits.  Stephens v. Turtle Creek Apartments, Ltd.,
875 S.W.2d 25, 26 (Tex. App.CHouston
[14th Dist.] 1994, no writ).  Here, E-One
filed its no-evidence motion for summary judgment on July 1, 2005, and it
served AMPS notice of the hearing to occur on July 25, 2005, which was more
than 21 days later.  AMPS failed to file
any response.  The record reflects that
the trial court reset the hearing a number of times and that the hearing did
not actually occur until March 27, 2006. 
Therefore, AMPS received more than the required 21 days notice.  See Tex.
R. Civ. P. 166a(c); see also Skelton v. Comm=n for
Lawyer Discipline, 56 S.W.3d 687, 691 (Tex. App.CHouston
[14th Dist.] 2001, no pet.) (holding that notice was reasonable when reset of
hearing allowed party even more time to respond than was required by Rule
166a(c)).








It is
a well established principle of law that once a no-evidence motion for summary
judgment is filed, the burden shifts to the non-movant to produce evidence that
raises a genuine issue of material fact as to each challenged element of its
claims; when no evidence raising a genuine issue of material fact is produced
in response, A[t]he court must grant the
motion.@  Tex.
R. Civ. P. 166a(i); see, e.g., Kalyanaram v. Burck, 225
S.W.3d 291, 301 (Tex.
App.CEl
Paso 2006, no pet.); Thomann v. Lakes Reg=l MHMR
Ctr., 162 S.W.3d 788, 795 (Tex. App.CDallas
2005, no pet.); Roventini v. Ocular Sciences, Inc., 111 S.W.3d 719, 723
(Tex. App.CHouston [1st Dist.] 2003, no
pet.).  Because of the very nature of a
no-evidence motion for summary judgment and the well-settled law in this area,
AMPS cannot claim in good faith that it had no knowledge of the need to file a
timely response to E-One=s motion.

Lack
of Timely Response to Motions for Summary Judgment

AMPS filed an untimely
response to E-One=s motions for summary
judgment on March 23, 2006.  In its reply
to AMPS=s response, E-One
contended that AMPS=s untimely, limited
response was not properly before the trial court for its consideration in
making its ruling on the motions for summary judgment.








AMPS=s response was untimely
under the provisions of its Rule 11 agreement with E-One, which required the
response to be served on E-One by March 13, 2006.  E-One was not given the response until March
20, 2006.  AMPS=s response was also
untimely under the provisions of Texas Rule of Civil Procedure 166a(c).  Tex. R.
Civ. P. 166a(c) (AExcept on leave of court,
the adverse party, not later than seven days prior to the day of hearing may
file and serve opposing affidavits or other written response.@).  Because the hearing was set for March 27,
2006, AMPS=s response needed to be
filed by March 20, 2006, but it was not filed until March 23, 2006, only four
days before the re-scheduled date of the hearing.  Evidence filed after the deadline for
response may be considered on appeal only if there is some indication that the
trial court allowed the late filing and considered the evidence.  See Benchmark Bank v. Crowder, 919
S.W.2d 657, 663 (Tex.
1996).

Here, the record reflects
that the trial court did not allow or consider the late filing because the
final order specifically states, AAfter considering
Defendants= . . . motion for summary
judgment, the timely filed pleadings, the timely filed response (if any), the
timely filed affidavits, and any admissible evidence on file, the court GRANTS
Defendants= motion for final summary
judgment.@  Because AMPS did not file a timely response,
we do not consider AMPS=s response for the
purposes of this appeal.  See id.

E-One=s
No-Evidence Motion for Summary Judgment

In its
briefing regarding its no-evidence motion for summary judgment, E-One contends
that regardless of whether we consider AMPS=s
untimely filed response to E-One=s
no-evidence motion for summary judgment, AMPS produced no evidence to support
its claims of business disparagement, violations of the DTPA, negligence, or
gross negligence.

(1)
Business Disparagement








To
prevail on a business disparagement claim, a plaintiff must establish that
(1) the defendant published false and disparaging information about it,
(2) with malice, (3) without privilege, (4) that resulted in special damages to
the plaintiff.  Forbes, Inc. v.
Granada Biosciences, Inc., 124 S.W.3d 167, 170 (Tex. 2003) (citing Hurlbut v. Gulf
Atl. Life Ins. Co., 749 S.W.2d 762, 766 (Tex.1987)).  The false statement of fact must be published
to a third party.  Astoria Indus. of
Iowa, Inc. v. SNF, Inc., 223 S.W.3d 616, 624 (Tex. App.CFort
Worth 2007, pet. denied).  To prove
malice, the plaintiff must prove that the defendant knew of the falsity of its
publication or acted with careless disregard concerning it, or it acted with
ill will or intended to interfere in the economic interests of the plaintiff in
an unprivileged fashion.  Forbes,
124 S.W.3d at 170 (quoting Hurlbut, 749 S.W.2d at 766.).  To prove special damages, the plaintiff
must prove that the disparaging communication played a substantial part in
inducing third parties not to deal with the plaintiff, resulting in a direct
pecuniary loss that has been realized or liquidated, such as specific lost
sales, loss of trade, or loss of other dealings.  Astoria Indus., 223 S.W.3d at
628 (citing Hurlbut, 749 S.W.2d at 767).








With
or without its untimely filed response to E-One=s
no-evidence motion for summary judgment, AMPS did not provide any evidence that
E-One was responsible for publishing disparaging statements about AMPS, that
any false statements were made, that E-One lacked privilege, or that AMPS
suffered special damages.  AMPS=s
limited response to E-One=s motions for summary judgment
did not address the issues of malice or privilege.  Because AMPS failed to provide evidence of
each essential element of its business disparagement claim against E-One, the
trial court correctly granted E-One=s
summary judgment motion on AMPS=s
business disparagement claim.[6]  See Bendigo,
178 S.W.3d at 114.

(2)
DTPA Violations, Negligence, and Gross Negligence

AMPS
failed to address any of the elements of its DTPA, negligence, and gross
negligence claims in its untimely response to E-One=s
no-evidence motion for summary judgment. 
Because AMPS did not produce any evidence in support of these claims,
the trial court correctly dismissed these claims.  See Bendigo,
178 S.W.3d at 114; see also Roventini, 111 S.W.3d at 724 (A[T]he
Roventinis filed no response to the [no-evidence summary judgment] motions,
despite service and notice of hearing concerning the motions.  Based on this record, the express provisions
of  Rule 166a(i) required that the trial
court grant the no-evidence motions and render judgment in favor of the
[movants].@).








We overrule AMPS=s first issue.[7]

Denial
of Leave to File AMPS=s
First Amended Original Petition

In its
second issue, AMPS argues that the trial court erred in denying it leave to
amend its original petition.  We review
the trial court=s denial of AMPS=s motion
for leave to amend its original petition for an abuse of discretion.  Tex-Air Helicopters, Inc, v. Galveston
County Appraisal Review Bd., 76 S.W.3d 575, 581 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  An
abuse of discretion occurs when the trial court acts in an unreasonable and
arbitrary manner, or when it acts without reference to any guiding rules or
principles.  Walker
v. Gutierrez, 111 S.W.3d 56, 62 (Tex.
2003).

AMPS
argues that because the amended petition was properly mailed on March 23, 2006,
it was timely filed, even without leave of court.  However, Texas Rule of Civil Procedure 63
provides:








Parties may amend their
pleadings . . . by filing such pleas with the clerk at such time as not to
operate as a surprise to the opposite party; provided, that any pleadings,
responses or pleas offered for filing within seven days of the date of trial or
thereafter, or after such time as may be ordered by the judge under Rule 166,
shall be filed only after leave of the judge is obtained, which leave shall be
granted by the judge unless there is a showing that such filing will operate as
a surprise to the opposite party.[8]

 

Tex. R. Civ. P. 63.

Here,
AMPS claims its amended petition was mailed March 23, 2006, only four days
before the summary judgment hearing was set to occur.  The trial court could have concluded that a
petition adding a new party four days before a summary judgment hearing that
had been delayed for almost a year could operate as a surprise to E-One.  See Tex.
R. Civ. P. 63.  We conclude that
the trial court did not abuse its discretion by refusing to grant AMPS leave to
file an amended petition.  See Walker, 111 S.W.3d at
62; Tex-Air Helicopters, 76 S.W.3d at 581.

We
overrule AMPS=s second issue.

 

 

 

 

 

 








Conclusion

We
affirm the judgment of the trial court. 
All pending motions are overruled as moot.

 

 

 

Evelyn V. Keyes

Justice

 

Panel
consists of Justices Nuchia, Jennings,
and Keyes.











[1]           See
Tex. Bus.
Com. Code Ann. '' 17.01B17.904 (Vernon 2002 & Supp. 2007).





[2]           See Tex. R. Civ. P. 166a(i).





[3]           According
to E-One=s brief and the docket control order attached to AMPS=s brief, discovery was to end on July 1, 2005.  The docket control order is not included in
the appellate record itself.  The trial
court did, however, refer to the existence of the court=s scheduling orders in the final order on the motion
for summary judgment, and the terms of the docket control order are not
directly disputed by the parties.





[4]           See
Tex. R. Civ.
P. 166a(c).





[5]           See Tex. R. Civ. P. 11.





[6]           In its untimely response, AMPS did supply the affidavit of
one employee, Gene AEddie@ Inman, who stated that he saw a
flyer he claims was sent by E-One to one of its distributors.  Inman states, AI recall the flyer said something
about E-One would no longer do business with AMPS because AMPS didn=t honor its warranties or didn=t stand behind their products.  I also recall the flyer had language which
inferred that AMPS put out an inferior product.@ 
Inman stated that any allegations that AMPS did not honor its warranties
or had other quality problems were untrue. 
He also stated that AMPS=s business decreased dramatically after the flyer was sent
by E-One, and he mentioned another anecdotal instance of a customer being
denied the ability to purchase AMPS products by E-One=s distributors.  No other evidence was offered.  This testimony
still does not establish that the flyer was sent by any of the defendants to
third parties, that the information in the flyer constituted false statements
of fact, or that it was the cause of any alleged decrease in business, which
are also essential elements of a business disparagement claim.  See Forbes, Inc. v. Granada Biosciences,
Inc., 124 S.W.3d 167, 170 (Tex.
2003).





[7]           AMPS also argues as a subpart of its first issue that the
trial court erred in granting E-One=s motion for summary judgment under Texas Rule of Civil
Procedure 166a(c).  Because we hold that
dismissal of the case was proper under Rule 166a(i), we do not need to address
AMPS=s arguments under Rule
166a(c).  AMPS failed to negate a
possible ground upon which summary judgment could have been granted; therefore,
we must uphold the judgment of the trial court. 
See Ellis v. Precision Engine Rebuilders, Inc., 68 S.W.3d 894,
898 (Tex.
App.CHouston [1st Dist.] 2002, no pet.).





[8]           Rule
63 also indicates that parties must follow court scheduling orders.  The court=s
scheduling order is mentioned in the final order on E-One=s motion for summary judgment (handwritten in by the
trial court), and it is included in the appendix of AMPS=s brief, although it is not included in the official
clerk=s record.  The
docket control order lists July 1, 2005 as the day by which all amendments and
supplements were required to have been filed.