BREWER & PRITCHARD, P.C., Appellant,

v.

Nick JOHNSON and James W. Chang, Appellees.

Nos. 14–04–00360–CV, 14–04–00540–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 26, 2005.

Rehearing Overruled July 21, 2005.

Patrick Zummo, Houston, TX, for appellants.

Grant Cook, Arthur Samuel Feldman, Solace Kirkland Southwick, Houston, TX, for appellees.

Panel consists of Justices EDELMAN, SEYMORE, and GUZMAN.

## OPINION

CHARLES W. SEYMORE, Justice.

In this appeal from a summary judgment, Brewer & Pritchard appeals a judgment in favor of Nick Johnson and James W. Chang on the grounds that the trial court: (1) abused its discretion in denying discovery on the remanded claims, and (2) erred in granting summary judgment. We reverse and remand as to cause number 14–04–00540–CV. Cause number 14–04–00360–CV is dismissed as moot.

## I. BACKGROUND

In April 1995, while Chang was employed by Brewer & Pritchard, he and Henry King, a close personal friend, were together on a ski vacation when King's father, Herbert King, and several members of a delegation from China were severely injured in a helicopter crash that occurred near Flower Mound, Texas. Chang returned home two days later and talked to two members of Brewer & Pritchard about the possibility that the firm might be retained to represent the crash victims. One of the Brewer & Pritchard partners, Patrick Gaas, discussed with Chang how to structure a contingent fee agreement and issues that could arise. Gaas explained to Chang the possibility of referring the case to another firm and how to structure a referral fee agreement.

Chang scheduled meetings for Henry King with several personal injury lawyers and firms. Chang accompanied King at all of those meetings. One of the attorneys they consulted was Nick Johnson, a close friend of Chang's since they had been in law school together. Henry King and Johnson were also friends. They had become acquainted six or seven years earlier through Chang. Chang billed to Brewer & Pritchard's business development file faxes to and from Henry King, Nick Johnson, and another personal injury lawyer in Houston. Chang also billed to the same file long distance telephone calls to the hospital where Henry King's father was being treated and to the hotel where the King family was staying, and Chang billed shipping charges on a package from Henry King to the same file.

Five days after the crash, Henry King signed a contingent fee agreement with Nick Johnson during or shortly after a meeting at which Chang was present. Johnson told King at that meeting that he would refer the case to the firm of Jamail & Kolius. The next day, Johnson referred the case to Jamail & Kolius for fifty percent of the net fee. Joe Jamail and Johnson subsequently met with other victims of the crash who were hospitalized in Fort Worth, and Jamail and Johnson were retained to represent them as well as the survivors of a victim who was killed in the crash. All the claimants other than the King family were citizens of China, and suit was filed in federal court.

About two months after the crash occurred, Chang left Brewer & Pritchard to work for another firm that had a corporate securities practice. The helicopter crash suit was settled in October 1996, and Nick Johnson received a $3,000,000 fee. It is unclear from the record whether that fee was solely referable to the Kings' claims or whether it also included a fee from the other crash victims who were citizens of China. About a year later, Chang left the firm with which he had been working and formed a partnership with Nick Johnson and Riley Burnett.

464

Brewer & Pritchard first sued Johnson and Chang in October 1996, when the helicopter crash suit was settled. Brewer & Pritchard contended Chang breached a fiduciary duty owed to Brewer & Pritchard and that Johnson knowingly assisted Chang in committing that breach. Specifically, Brewer & Pritchard alleged Chang directly or indirectly profited by receiving or arranging to receive all or part of Johnson's referral fee. Brewer & Pritchard sought actual and exemplary damages. When Brewer & Pritchard's case was set for trial and after Johnson and Chang filed motions for summary judgment addressing all claims, Brewer & Pritchard filed a notice of non-suit. On the same day the notice of non-suit was filed, Brewer & Pritchard filed a second, identical suit. Johnson and Chang filed motions for summary judgment in that case, which the trial court granted.

Brewer & Pritchard appealed. The First Court of Appeals held that fact questions remained as to whether Chang breached a fiduciary duty and whether Johnson knowingly assisted Chang. The court of appeals accordingly reversed the trial court's judgment in part, and remanded the breach of fiduciary duty and constructive fraud claims. *Brewer & Pritchard v. Johnson*, 7 S.W.3d 862, 868 (Tex. App.-Houston [1st Dist.] 1999) *aff'd* 73 S.W.3d 193. The court of appeals otherwise affirmed the trial court's judgment.

The Texas Supreme Court affirmed the court of appeals, but with different reasoning. In the trial court and the court of appeals, Brewer & Pritchard asserted that Chang owed a fiduciary duty to the firm to put the firm's interest above his own and to refrain from taking actions detrimental to the firm. Johnson and Chang asserted that Chang owed no duty to his firm because he was an at-will employee. The supreme court held that an associate of a

law firm owes a fiduciary duty to his or her employer not to personally profit or realize any financial or other gain or advantage from referring a matter to another law firm or lawyer, absent the employer's agreement. *Johnson v. Brewer & Pritchard*, 73 S.W.3d 193, 197 (Tex.2002). The court further held that "an associate may participate in referring a client or potential client to a lawyer or firm other than his or her employer without violating a fiduciary duty to that employer as long as the associate receives no benefit, compensation, or other gain as a result of the referral." *Id.* at 203. Because Johnson and Chang had not moved for summary judgment on the basis of no breach of fiduciary duty, the court found the trial court erred in granting summary judgment on that ground. *Id.* at 204–05. The supreme court reversed the trial court's judgment on breach of fiduciary duty and constructive fraud and remanded for proceedings consistent with its opinion. *Id.* at 211.

In affirming the summary judgment on Brewer & Pritchard's remaining claims, the supreme court addressed the conspiracy cause of action. Brewer & Pritchard alleged that Johnson conspired with Chang to accomplish an unlawful purpose. Johnson and Chang moved for summary judgment under Rule 166a(i) on this claim on the basis that there was no evidence that any unlawful purpose had been accomplished. The unlawful purpose Brewer & Pritchard contend was accomplished by a conspiracy between Johnson and Chang was Chang's breach of a fiduciary duty. In affirming the summary judgments on the conspiracy cause of action, the supreme court found no evidence that Chang profited or gained an advantage in any way from assisting Henry King in retaining Johnson or Jamail & Kolius. *Id.* at 208.

On remand, Chang filed a no-evidence motion for summary judgment contending there was no evidence to support a claim for breach of fiduciary duty and a traditional motion for summary judgment contending the summary judgment evidence negated an essential element of the firm's claim. Brewer & Pritchard moved to continue consideration of the motion because the firm alleged it had not been given the opportunity to conduct discovery on the new theory of breach of fiduciary duty announced by the supreme court. The trial court denied Brewer & Pritchard's motion for continuance. Johnson filed a no-evidence motion for summary judgment and a traditional motion for summary judgment. All summary judgment motions were heard on December 17, 2002 and taken under advisement.

At the time the trial judge granted the motions, no party received timely notice; therefore, Brewer & Pritchard filed a bill of review, which was granted. The trial court signed another order granting the motions for summary judgment. That order, signed March 19, 2004, contained the wrong cause number. Out of an abundance of caution, Brewer & Pritchard filed a notice of appeal of the March 19, 2004 judgment, which this court numbered 14–04–360–CV. Brewer & Pritchard subsequently requested the trial judge to sign an order with the correct cause number. That order was signed May 25, 2004 and is the subject of appeal cause number 14–04–540–CV. Because the order signed May 25, 2004 supercedes the order signed March 19, 2004, we dismiss as moot the appeal in cause number 14–04–360–CV.

## II. Scope of Remand

 Johnson and Chang initially contend the supreme court remanded the constructive fraud and breach of fiduciary duty causes of action only to permit them to file a motion for summary judgment challenging the evidence to support those causes of action. The general rule is that when an appellate court reverses and remands a case for further proceedings and the mandate is not limited by special instructions, the effect is to remand the case to the lower court for a new trial on all issues of fact and the case is re-opened in its entirety. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986). The opinion of the supreme court does not provide any special instructions to the trial court upon remand; therefore, the case was remanded for a new trial on all issues of fact related to the remanded causes of action and the case was re-opened in its entirety. *Manon v. Solis,* 142 S.W.3d 380, 386 (Tex. App.-Houston [14th Dist.] 2004, pet. denied).

## III. Discovery

 In its first issue, Brewer & Pritchard contends the trial court abused its discretion in granting Johnson and Chang's motion to quash discovery and in denying the firm's motion for continuance of the summary judgment motions. Following remand, Brewer & Pritchard requested the following discovery:

1. Interrogatories to Johnson and Chang
2. Request for Production to Johnson and Chang
3. Deposition of Lasco Oil & Gas Corp.
4. Deposition of Larry A. Seligmann

Johnson and Chang filed a motion to quash discovery on the ground that the requested discovery was duplicative of discovery that had already been conducted. The trial court granted the motion. Brewer & Pritchard filed a petition for writ of mandamus in the First Court of Appeals in which they sought relief from the trial court's order quashing the requested discovery. The court of appeals denied the

petition on January 23, 2003. *In re Brewer & Pritchard, P.C.,* 2003 WL 164517 (Tex.App.-Houston [1st Dist.] Jan. 23, 2003, orig. proceeding). Brewer & Pritchard then sought writs of prohibition and mandamus in the Texas Supreme Court. The supreme court requested briefing, but before the court ruled on Brewer & Pritchard's petitions, the trial court granted Johnson and Chang's motions for summary judgment. The supreme court denied Brewer & Pritchard's petitions as moot.

■ Initially, Johnson and Chang argue the ruling on the mandamus proceeding in the First Court of Appeals constitutes the law of the case. The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex.2003). It applies only if the issues of law and fact are substantially the same in the second proceeding as the first. *See Hudson,* 711 S.W.2d at 630. Application of the doctrine lies within the discretion of the court, depending on the circumstances surrounding the case. *Briscoe,* 102 S.W.3d at 716.

The law of the case doctrine does not apply here because the First Court of Appeals was not the court of last resort on this issue. *Cf. City of Houston v. Precast Structures, Inc.,* 60 S.W.3d 331, 338 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) ("Where a losing party fails to avail itself of an appeal in the court of last resort, but allows the case to be remanded for further proceedings, the points decided by the court of appeals will be regarded as the law of the case and will not be re-examined."). Brewer & Pritchard filed petitions for writs of prohibition and mandamus in the supreme court and the supreme court ordered briefing on the merits. The

supreme court did not rule on Brewer & Pritchard's petitions, but dismissed the petitions as moot, because the trial court granted the motions for summary judgment. *In re Brewer & Pritchard, P.C.,* 46 Tex. Sup.Ct. J. 830 (June 26, 2003). Because Brewer & Pritchard attempted to avail itself of a decision from the court of last resort, but the court was unable to reach a decision, in this case, the First Court of Appeals denial of petition for writ of mandamus was not a decision from a court of last resort. Accordingly, the "law of the case" doctrine does not apply.

■ A trial judge may exercise discretion in the granting of a protective order and in controlling the nature and form of discovery. *In re Amaya,* 34 S.W.3d 354, 356 (Tex.App.-Waco 2001, orig. proceeding). That discretion, however, is not without bounds. *Id.* A party seeking to avoid discovery must show particular, specific and demonstrable injury by facts sufficient to justify a protective order. *Id.; see also Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987). If the discovery sought is within the scope of Rule 192 of the Texas Rules of Civil Procedure, a trial court may not grant a protective order limiting discovery unless the party seeking such protection has met this burden. *Masinga v. Whittington,* 792 S.W.2d 940, 940–41 (Tex. 1990).

■ A party resisting discovery cannot simply make conclusory allegations that the requested discovery is unduly burdensome or duplicative. *Garcia,* 734 S.W.2d at 345. The party must produce some evidence supporting its request for a protective order. *Id.* Rule 192.4(a) permits the trial court to limit discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. To determine whether the

trial court abused its discretion in denying discovery, this court reviews the entire record. *Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996). We are mindful that the purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal, not by what facts are concealed. *In re Colonial Pipeline Co.,* 968 S.W.2d 938, 941 (Tex.1998).

Here, Johnson and Chang argued at the hearing on their motion to quash that the requests for production and interrogatories were duplicative of discovery already sought. They further argued that Brewer & Pritchard was not entitled to any further discovery on remand because the supreme court determined Brewer & Pritchard had an adequate time for discovery prior to the filing of the first no-evidence motion for summary judgment. They presented no evidence that the depositions of Lasco Oil & Gas and Larry A. Seligmann had been taken, or that any discovery that would be obtained from those depositions would be duplicative of previous discovery. Johnson and Chang merely argued that discovery could not be re-opened on remand. As discussed earlier, the supreme court's remand was not limited and re-opened the case in its entirety. The supreme court's finding of adequate discovery applies to the previously filed motions for summary judgment, not the motions following remand, which were not before the court. Therefore, the trial court abused its discretion in granting the motion to quash. Brewer & Pritchard's first issue is sustained.

## IV. NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

In its second issue, Brewer & Pritchard contends the trial court erred in granting Johnson and Chang's motions for summary judgment. A party may move for a no-evidence summary judgment only after adequate time for discovery. TEX.R. CIV. P. 166a(i). In considering whether the trial court has permitted an adequate time for discovery, we consider factors such as (1) the nature of the case, (2) the nature of evidence necessary to controvert the no-evidence motion, (3) the length of time the case was active, (4) the amount of time the no-evidence motion was on file, (5) whether the movant had requested stricter deadlines for discovery, (6) the amount of discovery that had already taken place, and (7) whether the discovery deadlines in place were specific or vague. *Martinez v. City of San Antonio,* 40 S.W.3d 587, 591 (Tex.App.-San Antonio 2001, pet. denied). We review a trial court's determination that there has been an adequate time for discovery on a case-by-case basis, under an abuse of discretion standard. *Restaurant Teams Int'l, Inc. v. MG Sec. Corp.,* 95 S.W.3d 336, 339 (Tex.App.-Dallas 2002, no pet.).

### A. *Nature of the Case and Evidence Necessary to Defeat the Motion*

This is a case in which Brewer & Pritchard alleges Chang and Johnson committed constructive fraud through their breach of fiduciary duty. To prove evidence of fraud and breach of a fiduciary duty, Brewer & Pritchard must show Chang benefitted from referral of the helicopter case. *Johnson,* 73 S.W.3d at 203. Brewer & Pritchard alleges Chang received a portion of the referral fee through a scheme to "park" the fee in a sham corporation, then accept legal fees from that corporation. The evidence necessary to controvert the no-evidence motion includes information about Lasco Oil & Gas to determine whether it is a sham corporation and Johnson's payment to Lasco was, in reality, payment of a portion of the referral fee to Chang.

### B. Length of Time the Case and Motion were on File

The suit was filed in 1996 and discovery conducted for approximately two years prior to the filing of the first motions for summary judgment. Chang's no-evidence motion was filed July 22, 2002, four months prior to the trial court's ruling on discovery. Johnson did not file a no-evidence motion until after the court's ruling on discovery. No docket control order or discovery deadlines were set after remand.

### C. Status of Discovery

Prior to the supreme court's remand, Brewer & Pritchard took the oral depositions of James Chang, Henry King, Nick Johnson, and Mark Coffin, a friend and former colleague of Chang's. Brewer & Pritchard also obtained written depositions from a representative of Mithoff & Jacks, one of the plaintiff's firms King contacted in the aftermath of the helicopter crash. Brewer & Pritchard asked for and received Johnson's bank records and tax returns, including records of the fee he received from the settlement of the helicopter case. Johnson's records reflect that he wrote two checks to Lasco totaling $1,490,000 in early December 1996, and approximately two weeks later he wrote a check for $650,000 to Lasco. Johnson's 1996 tax return reflects a $1,651,115 loss for an investment in oil and gas exploration. After the supreme court's remand, Brewer & Pritchard sought to depose a representative of Lasco Oil & Gas and Larry A. Seligmann, the alleged owner of Lasco. Neither deposition was taken prior to the supreme court's remand.

### D. Remaining Factors

The final factors are whether the discovery deadlines were vague and whether the movant requested stricter deadlines for discovery. After remand, no discovery deadlines were set, nor was a new docket control order entered. As previously mentioned, the supreme court's remand reopened the case in its entirety. Brewer & Pritchard, therefore, was entitled to discovery sufficient to defeat the no-evidence motion. Although the firm was not entitled to unlimited, duplicative discovery on remand, it was entitled to conduct discovery not previously conducted.

### E. Conclusion

In considering whether Brewer & Pritchard was permitted adequate time for discovery, we conclude each of the factors weigh in favor of permitting further discovery. The trial court abused its discretion in not permitting adequate time for discovery and in denying Brewer & Pritchard's motion for continuance.

### V. TRADITIONAL MOTION FOR SUMMARY JUDGMENT

 Brewer & Pritchard further contends the trial court erred in ruling on Johnson and Chang's traditional motions for summary judgment before they had an opportunity to conduct discovery. When it appears from the affidavit of a party opposing a motion for summary judgment that he cannot present facts sufficient to justify his opposition, the trial court may order a continuance to permit further discovery. Tex.R. Civ. P. 166a(g); *Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex.1996). In reviewing the trial court's exercise of discretion, we review the following factors: (1) the length of time the case has been on file; (2) the materiality of the discovery sought; and (3) whether due diligence was exercised in obtaining the discovery. *Levinthal v. Kelsey–Seybold Clinic, P.A.*, 902 S.W.2d 508, 510 (Tex.App.-Houston [1st Dist.] 1994, no writ).

## A. Length of Time Case has been on File

As previously noted, this case was originally filed nine years ago in 1996. The supreme court's opinion remanding the case was issued March 21, 2002. Our record does not reflect the date the supreme court's mandate issued. The trial court must enforce the supreme court's judgment upon receiving the mandate, which generally issues ten days after the time has expired for filing a motion to extend time to file a motion for rehearing if no motion for rehearing is filed. TEX.R.APP. P. 18.1 & 65.2. Therefore, actual remand to the trial court did not begin until some time after the court's opinion issued. The trial court denied discovery six months later, and denied the motion for continuance three months after that.

## B. Materiality of the Discovery Sought

Brewer & Pritchard is required to show Chang profited from the referral of the helicopter case. It is evident from the firm's discovery request that it was seeking to obtain information that would link Johnson's referral fee to the subsequent payments and loss to Lasco. The type of information sought by Brewer & Pritchard would not be readily available by any means other than the discovery process. We find Brewer & Pritchard has adequately shown the discovery sought is material to its constructive fraud and breach of fiduciary duty claims.

## C. Due Diligence

The record further reflects the firm's exercise of due diligence in attempting to obtain the discovery. Brewer & Pritchard served notices of intent to take the depositions of Lasco and Seligmann on July 25, 2002, four months after the supreme court's opinion remanding the case for trial. Rule 166a(g) clearly contemplates that the trial court will permit the parties a reasonable opportunity to conduct discovery before granting a summary judgment. *Levinthal,* 902 S.W.2d at 512. Johnson and Chang moved for summary judgment before any discovery was conducted on remand.

## VI. CONCLUSION

This case was on remand for no more than nine months; Brewer & Pritchard filed discovery requests that were material to proving its cause of action, and exercised due diligence in attempting to obtain the needed discovery. The requested depositions of Lasco and Seligmann are not duplicative of discovery obtained prior to remand. Under the facts of this case, we hold the trial court abused its discretion in denying discovery and in refusing to continue the motion for summary judgment hearing. Brewer & Pritchard's second issue is sustained.

Accordingly, the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.

EDELMAN, J., concurs without an opinion.