Majority and Dissenting Opinions of June 10, 2008, Withdrawn, Reversed
and Remanded, and Corrected Majority and Dissenting Opinions filed June 17,
2008








 

Majority
and Dissenting Opinions of June 10, 2008, Withdrawn, Reversed and Remanded, and
Corrected Majority and Dissenting Opinions filed June 17, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00354-CV

____________

 

JANINE CHARBONEAU McINNIS, D.V.M., Appellant

 

V.

 

MICHAEL MALLIA, J.D., THE MALLIA
LAW FIRM, P.C., TOMMY HASTINGS, J.D., Appellees

 



 

On Appeal from the 281st
District Court

Harris County, Texas

Trial Court Cause No. 2005-34616

 



 

C O R R E C T E D   M A J O R I T Y   O P I N I O N

This court withdraws its majority opinion issued June 10,
2008 because of a typographical error and issues this corrected majority
opinion in its place.








In this legal-malpractice case, appellant, a law firm=s former client,
challenges a no-evidence summary judgment in favor of the law firm and the
lawyers that represented her in prior medical-malpractice litigation, alleging,
among other things, inadequate time for discovery.  We conclude that the trial
court abused its discretion in determining that an adequate time for discovery
had passed and therefore the trial court erred in granting the no-evidence
summary judgment.  We reverse and remand.

I.  Factual and
Procedural Background

In pursuing her medical-malpractice claim, appellant Janine
Charboneau McInnis sought legal representation from appellees Michael Mallia,
J.D., The Mallia Law Firm, P.C., and Tommy Hastings, J.D. (Appellees are
referred to collectively as the ALaw Firm@ and individually
as AMallia,@ Athe Mallia Law
Firm,@ and  AHastings@).  In the ensuing
medical-malpractice suit, McInnis alleged claims against a surgeon and the
professional corporation to which the surgeon belonged, seeking to recover damages
she allegedly suffered as a result of complications following a surgical
procedure.  In its representation of McInnis, the Law Firm agreed to non-suit
the surgeon=s professional corporation, leaving only the surgeon
as a party defendant in the suit.  After a trial on the merits, a jury returned
a verdict in favor of the surgeon.

Following her unsuccessful medical-malpractice suit, on May
23, 2005, McInnis, as a pro se plaintiff, filed a legal-malpractice suit
against the Law Firm alleging that her loss in the underlying
medical-malpractice suit was attributable to the Law Firm=s negligence and
breaches of fiduciary duty in handling her claims.  According to McInnis=s petition in the
legal-malpractice suit, the Law Firm=s decision to
non-suit the surgeon=s professional corporation, a party that
allegedly was jointly and severally liable for McInnis=s damages, gave
rise to her legal-malpractice claims. 

Under Texas Rule of Civil Procedure 190.4 (level 3) the
trial court issued a docket control order for the legal-malpractice suit,
setting the following deadlines:  

October 3, 2005     Deadline
to join additional parties








March 23, 2006      Deadline for
parties seeking affirmative relief to designate experts

April 24, 2006        Deadline to
designate all other experts

June 23, 2006        End of
discovery period

June 23, 2006        Deadline for
challenges to expert testimony

June 23, 2006        Deadline to
amend pleadings

July 23, 2006         Trial setting

As
part of the discovery process and during the period designated for discovery,
McInnis served requests for production and interrogatories on Mallia and the
Mallia Law Firm, as well as requests for disclosure.  

Eight months
before the end of the discovery period, on October 25, 2005, the Law Firm filed
a no-evidence motion for summary judgment to be heard by submission without
oral hearing on November 21, 2005.  In the five-page motion, the Law Firm
asserted that there already had been an adequate time for discovery.   The Law
Firm served McInnis with responses to her discovery requests on November 14,
2005, which is the same day McInnis=s response to the
no-evidence summary-judgment motion was due.  McInnis claims to have filed a
response to the Law Firm=s no-evidence motion and a motion for
continuance on that date.[1] 
In the motion for continuance, McInnis claimed she needed further discovery. 
To support her plea for additional time, McInnis explained that she needed to
review over eighty boxes of records, and she also stated that she suffers from
severe and chronic pain and problems in her legs.  The trial court denied
McInnis=s motion for
continuance and, on January 5, 2006, granted the Law Firm=s motion for
summary judgment.  On appeal to this court McInnis challenges the trial court=s summary
judgment.[2]    








 

II.  Issues and Analysis








In her first issue, McInnis claims, inter alia, that
there was not an adequate amount of time for discovery. A party may move for a
no-evidence summary judgment A[a]fter adequate time for discovery.@  Tex. R. Civ. P. 166a(i).  Notably, the
rule does not require that discovery must have been completed, but rather that
there was Aadequate time.@  In re Mohawk
Rubber Co., 982 S.W.2d 494, 498 (Tex. App.CTexarkana 1998,
orig. proceeding).  The comment to rule 166a(i) provides, AA discovery period
set by pre[-]trial order should be adequate opportunity for discovery unless
there is a showing to the contrary, and ordinarily a motion under paragraph
(i) [a no-evidence motion] would be permitted after the period but not before.@  Tex. R. Civ. P. 166a(i) cmt. (emphasis
added); see Specialty Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex.
App.CHouston [14th
Dist.] 2000, pet. denied).  Unlike other notes and comments in the rules of
civil procedure, this comment was specifically intended to inform the
construction and application of this rule.  See Tex. R. Civ. P. 166a(i) cmt.; Specialty Retailers, Inc.,
29 S.W.3d at 145. Applying the plain language of the comment, a no-evidence
summary judgment motion ordinarily is not permitted before the expiration of
the discovery period set by the pre-trial order.  Thus, our principal task is
to determine if this record provides support for the trial court=s consideration of
a no-evidence summary-judgment motion more than seven months before the end of
the discovery period.  The pertinent date for this inquiry is the final date on
which the no-evidence motion is presented to the trial court for ruling, which
in this case was November 21, 2005.  On this date, the lawsuit had been on file
for six months, and less than half of the discovery period had expired.[3] 
In resolving this issue, we must determine if the trial court=s decision to
treat this case as an exception to the ordinary rule constitutes an abuse of
discretion.

In considering whether the trial court permitted an
adequate time for discovery, we consider the following factors:  (1) the nature
of the case, (2) the nature of the evidence necessary to controvert the
no-evidence motion, (3) the length of time the case was active, (4) the amount
of time the no-evidence motion was on file, (5) whether the movant had
requested stricter deadlines for discovery, (6) the amount of discovery that
already had taken place, and (7) whether the discovery deadlines in place were
specific or vague.  Brewer & Pritchard, P.C. v. Johnson, 167 S.W.3d
460, 467 (Tex. App.CHouston [14th Dist.] 2005, pet. denied); Specialty
Retailers, Inc., 29 S.W.3d at 145.  We review a trial court=s determination
that there has been an adequate time for discovery on a case-by-case basis,
under an abuse-of-discretion standard.  Brewer & Pritchard, P.C.,
167 S.W.3d at 467.  

The Nature of the Case and the Evidence Necessary to Defeat
the Motion








McInnis has alleged negligence and breach of fiduciary duty
against the Law Firm in its representation of her in the underlying
medical-malpractice suit.  Generally, to recover on a claim for legal
malpractice, a plaintiff must prove (1) the attorney owed the plaintiff a duty;
(2) the attorney breached the duty; (3) the breach proximately caused the
plaintiff=s injuries; and (4) damages occurred.  Peeler v.
Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995); Cosgrove v. Grimes,
774 S.W.2d 662, 665 (Tex. 1989).  Thus, to maintain a legal-malpractice action
that arises from prior litigation, McInnis must prove a Asuit within a suit@ by demonstrating
that Abut for@ the Law Firm=s negligence, she
would have prevailed on the underlying medical-malpractice suit and would have
been entitled to judgment.  See Schlager v. Clements, 939 S.W.2d
183, 186 (Tex. App.CHouston [14th Dist.] 1996, writ denied). 
A plaintiff in a legal-malpractice suit is required to present expert testimony
regarding the standard of skill and care ordinarily exercised by an attorney.  See
Ersek v. Davis & Davis, P.C., 69 S.W.3d 268, 271 (Tex. App.CAustin 2002, pet.
denied).  Because of these requirements, a legal-malpractice suit is considered
complex litigation.

In this case, the trial court entered a docket control
order that set forth various pre-trial deadlines.  The parties were not
required to designate expert witnesses until March 23, 2006, a deadline that
would not have run until five months after the Law Firm filed its motion for
summary judgment.  Generally, the more complex the case, the more time a trial
court will allocate for discovery.  Both parties have acknowledged the
complexity of the case under review, with the Law Firm referring to the
legal-malpractice action as a Asuit-within-a-suit.@  See Schlager,
939 S.W.2d at 186.  In her motion for a continuance, McInnis pointed to various
factors contributing to the complexity of the case, including her medical
condition and her need to review over sixty boxes of material from the
underlying medical-malpractice case, as well as more than twenty other boxes of
records pertinent to the current action.  McInnis also indicated a need to
serve the Law Firm with additional requests for disclosure as to Mallia and the
Mallia Law Firm as well as requests for admissions and interrogatories as to
Mallia.








To have defeated a no-evidence motion for summary judgment,
McInnis would have to have pointed out to the trial court summary‑judgment
evidence of probative force to raise a genuine issue of fact as to the
essential elements attacked in the no‑evidence motion.  See Johnson v.
Brewer & Pritchard, P.C., 73 S.W.3d 193, 206B08 (Tex. 2002). 
Generally, a trial court may presume that plaintiffs have investigated their
cases prior to filing suit.  See Carter v. MacFadyen, 93 S.W.3d 307, 311
(Tex. App.CHouston [14th Dist.] 2002, pet. denied).  Though this
may be true especially in regard to health-care-liability claims, which carry a
requirement that within six months the claimant file an expert report
establishing standard of care, negligence, and causation, this case is a Asuit-within-a-suit.@  See id.; see
also Schlager, 939 S.W.2d at 186B87 (referring to Asuit within a suit@ proof).  For this
Asuit within a
suit,@ even though
McInnis may be presumed to have investigated her underlying medical-malpractice
case, for her legal-malpractice suit against the Law Firm, the evidence
necessary to controvert the Law Firm=s no-evidence
motion requires a scintilla of probative evidence to raise a question of
material fact on the elements challenged by the Law Firm.  See Restaurant
Teams Int=l, Inc., 95 S.W.3d at
339.  In its motion for summary judgment, the Law Firm specifically alleged
that McInnis had no evidence that she would have prevailed on the underlying
medical-malpractice claim, nor that she would have been entitled to judgment
but for the Law Firm=s negligence, and finally, that no
evidence suggests the Law Firm=s actions constituted a breach of
fiduciary duty.  The Law Firm, however, did not serve McInnis with answers to
the requests for admissions until after the Law Firm filed the no-evidence
motion.  After receiving the Law Firm=s responses, 
McInnis alleged that the Law Firm had withheld an answer regarding duty for one
of her requests, which is what she claims prompted her motion for continuance
to further discovery.

Given the complex nature of the legal claims asserted, the
factual complexity of the case, and the type of evidence necessary to defeat
the Law Firm=s no-evidence motion, McInnis adequately demonstrated
a legitimate need  for additional discovery.

Length of Time the Case Was Active and the No-Evidence
Motion Was on File

The legal-malpractice suit had been on file for five months
when the Law Firm moved for summary judgment, and the motion had been on file
for approximately two months before the trial court granted it in favor of the
Law Firm.  Under the trial court=s docket control
order, approximately eight months remained in the period designated for
discovery when the Law Firm filed its motion; less than half of the time the
trial court allotted for discovery at the commencement of the case had
expired.  Likewise, at the time the Law Firm filed its no-evidence motion, the
date by which to designate expert witnesses would not run until March 23, 2006,
a date that was then five months in the future. 








Under Rule 166a(i), there is no specific minimum amount of
time that a case must be pending before a trial court may entertain a
no-evidence summary-judgment motion; rather, the rule requires an Aadequate time for
discovery.@ See Tex.
R. Civ. P. 166a(i); Specialty Retailers, Inc. 29 S.W.3d at 145. 
The amount of time necessary to constitute an Aadequate time@ depends on the
facts and circumstances of each case.  See, e.g., Restaurant Teams
Int=l, Inc., 95 S.W.3d at 340; McClure v.
Attebury, 20 S.W.3d 722, 729 (Tex. App.CAmarillo 1999, no
pet.) (finding that adequate time had passed when a case was pending for seven
months).   The time allocated for discovery in the docket control order is a
strong indicator of adequate time, though the deadline for discovery is not a
conclusive measure of Aadequate time.@ See Carter,
93 S.W.3d at 311.  Depending on the facts of the case, the time allocated for
discovery may be more than is necessary and, thus, an adequate time may be less
than the amount the trial court allocated.  Likewise, circumstances might arise
after the entry of the docket control order that would render the time
initially allocated for discovery inadequate.  Ordinarily, however, the
deadline specified in the docket control order is the best indicator.        The
rule tells us that, ordinarily, Aadequate time@ may be gauged by
the period designated in the pretrial order.  This approach makes sense because
the deadlines are typically set at the onset of the case based on information
provided by the parties about the nature and complexity of the litigation. 
Litigants and lawyers need to be able to rely on the schedule in planning and
pursuing discovery.  Adherence to the deadlines in the docket control order holds
the most promise for meeting the parties= legitimate
expectations for discovery and for promoting a fair and orderly development of
the evidence.  In this case, the Law Firm did not identify, and the record does
not suggest, any factors that would weigh against application of the ordinary
rule.  








Given the complexity of this Asuit within a suit@ and the
fact-intensive response required, the minimal length of time the case and
motion had been on file did not provide adequate time for discovery.  See
Brewer & Pritchard, P.C., 167 S.W.3d at 468; accord McClure, 20
S.W.3d at 729; see also Cmty. Initiatives, Inc. v. Chase Bank of Texas,
153 S.W.3d 270, 278, 279 (Tex. App.CEl Paso 2004, no
pet.) (indicating that a fact-intensive response and a motion on file for
roughly one to two months suggested adequate time for discovery had not
passed).

Factors Involving Discovery

The final factors for consideration are (1) whether the
deadlines were specific or vague, (2) whether the movant had requested stricter
deadlines for discovery, and (3) how much discovery already had taken place .

The trial court=s docket control
order specified that discovery was to take place through June 23, 2006.  The
language of the docket control order is specific and unambiguous regarding the
length of the discovery period.  Thus, the discovery period in this case is not
vague or uncertain, and this factor is neutral.  See Restaurant Teams
Int=l, Inc., 95 S.W.3d at 341.

The record does not reflect that the Law Firm formally
requested stricter deadlines for discovery.  However, by seeking a no-evidence
summary judgment eight months before the discovery deadline and less than
halfway through the designated discovery period, the Law Firm implicitly
requested the trial court to cut the discovery period short, and accordingly,
impose stricter deadlines for discovery.  See id.; accord Tex. R. Civ. P. 166a(i).  This factor
weighs in favor of McInnis.  See Restaurant Teams Int=l, Inc., 95 S.W.3d at
341.













As to how much discovery already had taken place, the
record reflects McInnis had served the Law Firm with multiple written requests
for discovery.  See id.  The Law Firm=s responses were
not returned to McInnis until after the Law Firm filed its motion for summary
judgment.  Furthermore, after the Law Firm served its responses, McInnis
alleged that the Law Firm did not wholly answer all requested admissions.[4] 
According to McInnis, the Law Firm had abused the discovery process by
withholding information that she intended to use as summary-judgment evidence
in her response to the Law Firm=s motion.  A party should not be able to
abuse the discovery process by withholding key evidence from a party opponent
and then use that lack of evidence to win a judgment.  See Specialty
Retailers, Inc., 29 S.W.3d at 145 (providing that if a nonmovant
established abuse of the discovery process, the nonmovant may likely establish
that there was not an adequate time for discovery); Tempay, Inc. v. TNT Concrete
& Constr., Inc., 37 S.W.3d 517, 522B23 (Tex. App.CAustin 2001, pet.
denied) (holding that the trial court abused its discretion in determining that
adequate time for discovery had passed because movant successfully resisted
nonmovant=s attempts to obtain discovery); see also
Robert W. Clore, Texas Rule of Civil Procedure 166a(i):  A New Weapon
for Texas Defendants, 29 St. Mary=s L.J. 813, 843 (1998)
(providing that a nonmovant Awho could show the defendant delayed
discovery by failing to answer the plaintiff=s interrogatories
would likely be entitled to further discovery@).  McInnis levied
more than an accusation that the Law Firm abused the discovery process; the
record reflects McInnis filed a motion for sanctions against the Law Firm based
on her allegations of the Law Firm=s discovery abuse.[5] 
See Specialty Retailers, Inc., 29 S.W.3d at 145B46 (indicating
that upon a showing of discovery abuse, beyond mere accusation, Ait would likely be
enough to establish that there was not an adequate time for discovery@).  Cf. Green
v. Quality Dialysis One, L.P., No. 14-05-01247, 2007 WL 2239295, at *3
(Tex. App.CHouston [14th Dist.] Aug. 7, 2007, no pet.) (noting
how the record contained no information that nonmovant made additional efforts
to obtain discovery when movant allegedly provided inadequate discovery
responses).  In light of how much discovery McInnis already had conducted, how
much more discovery she needed, and the fact that the Law Firm allegedly
withheld information in discovery, this factor weighs in favor of McInnis in
permitting further time for discovery.  See Tempay, Inc., 37 S.W.3d at
522B23; Specialty
Retailers, Inc., 29 S.W.3d at 145; see also Community Initiatives, Inc.,
153 S.W.3d at 278, 279 (considering diligence in obtaining discovery
depositions in determining whether there had been adequate time for discovery).


III.   Conclusion

We conclude the trial court abused its discretion in
implicitly finding that this case fell outside the ordinary rule, as set forth
in the comment to rule 166a(i), and in allowing a no-evidence motion more than
five months before the expiration of the discovery period set forth in the
docket control order.  See Brewer & Pritchard, P.C., 167 S.W.3d at
468.  Ordinarily, a no-evidence motion is permitted after but not before the
discovery period set by the pre-trial order.  See Specialty Retailers, Inc.,
29 S.W.3d at 145.  The trial court permitted a no-evidence motion less than
halfway through this period with no showing in the record to justify deviation
from the general rule.  Under the particular circumstances of this complex
case,  McInnis was not provided an adequate opportunity to conduct discovery.  See
id.  For this reason, the trial court should not have granted the Law Firm=s no-evidence
motion for summary judgment.  See id.; Tempay, Inc., 37 S.W.3d at
523. To this extent, we sustain McInnis=s first issue.[6] 









The judgment of the trial court is
reversed and this case is remanded for proceedings consistent with this
opinion.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

Judgment rendered, Majority Opinion of June 10, 2008, Withdrawn, and Corrected Majority Opinion and
Dissenting Opinion filed June 17, 2008.

 

Panel consists of
Justices Fowler, Frost, and Seymore. (Seymore, J., dissenting).









[1]  The parties dispute whether McInnis timely filed a
response to the Law Firm=s no-evidence summary-judgment motion. 





[2]  McInnis also raises two other issues: denial of McInnis=s motion for new trial (issue 2),
and failure to rule on McInnis=s motion for sanctions (issue 3).  For
reasons explained below, we do not reach either.





[3]  Our dissenting colleague focuses on the date on
which the trial court granted summary-judgment; however, the time between final
submission of the motion to the court and the court=s ruling on the motion cannot be counted as part of
the adequate time for discovery.  See Brewer & Pritchard, P.C. v.
Johnson, 167 S.W.3d 460, 467 (Tex. App.CHouston
[14th Dist.] 2005, pet. denied) (stating that a party may move for a no‑evidence
summary judgment only after adequate time for discovery). Therefore, the key
date is November 21, 2005.     





[4]  McInnis claims that the Law Firm neither admitted
nor denied one question in her request for admissions regarding a breach of
duty.  Additionally, McInnis states that the Law Firm responded to one request
for admission with a comment that it Awill
supplement.@  McInnis alleges that because the Law Firm resisted
discovery, she was unable to use the Law Firm=s responses in her original summary judgment response purportedly filed
on November 14, 2005, which is why she requested a continuance in the case for
further discovery.





[5] The record reflects that McInnis filed this motion
for sanctions shortly after the trial court granted summary judgment.  Although
the record contains no notice of hearing or other direct evidence that the
motion for sanctions was set for hearing, McInnis stated in her motion for new
trial and at the hearing on that motion that her sanctions motion was set for
hearing on February 6, 2006.  In her third issue, McInnis asserts that the
trial court erred by failing to rule on this motion.  However, our record
contains no information regarding any hearing on February 6, 2006.  At the
hearing on her motion for new trial, McInnis did not state that the trial court
had refused to hear her motion on February 6, 2006.  Even presuming that this
motion was set for hearing on February 6, 2006, our record is silent as to what
occurred at that time.  On this record, we cannot say the trial court
reversibly erred by failing to rule on McInnis=s motion for sanction.  Accordingly, we overrule her third issue.





[6]  Having sustained this part of McInnis=s first issue, we need not reach the remainder of
her first issue or her second issue.