# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00389-CV

**In re Campbell**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

In this mandamus proceeding, relators (plaintiffs below) Alvie and Julie Campbell ask this Court to vacate the trial court's order granting real party in interest Cavco Industries, Inc.'s Motion for Protective Order and denying the Campbells' Motion to Compel Discovery from Defendant Cavco. We will conditionally grant the writ as to the order granting Cavco's motion for protection.

The Campbells filed suit against Cavco and several other defendants for deceptive trade practices and breach of warranty, among other causes of action, in connection with their purchase of a manufactured home. This original proceeding concerns a discovery dispute over the Campbells' deposition of Cavco's designated corporate representative, Norman Ball. Soon after the deposition began, counsel for the Campbells suspended proceedings, alleging that Cavco's attorney had violated the rules of civil procedure governing notice of and conduct during oral depositions. *See* Tex. R. Civ. P. 199.2, 199.5. Thereafter, the Campbells filed a motion to compel a second deposition of Cavco's designated corporate representative at a specific time and place and sought sanctions against Cavco. Cavco responded with a motion for protective order and sanctions

against the Campbells, alleging that the termination of Ball's deposition had not been in good faith and that Cavco should not be required to produce Ball or any other corporate representative for further depositions. In the alternative, Cavco sought an order requiring the Campbells to pay all costs associated with any further depositions.

After a hearing, the trial court granted Cavco's motion "in its entirety" and ordered that "Plaintiffs [Alvie and Julie Campbell] are prohibited from taking the deposition of Cavco's Corporate Representative or any other representative or employee of Cavco." The same order denied the Campbells' motion to compel and denied both parties' motions for sanctions. The Campbells now seek a writ of mandamus, arguing that the trial court's order was an abuse of discretion because Cavco failed to meet its burden of producing evidence that the requested discovery was unduly burdensome or unnecessarily harassing. *See* Tex. R. Civ. P. 192.6(b), 192.4, cmt. 7. They further argue that the trial court's denial of their motion to compel was an abuse of discretion.

A trial judge may exercise discretion in the granting of a protective order and in controlling the nature and form of discovery. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 466 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). "Although a trial court has broad discretion to schedule and define the scope of discovery, it can abuse its discretion by acting unreasonably." *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether, under all the circumstances of the particular case, the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

2

Mandamus will lie to correct a discovery error if the discovery order constitutes a clear abuse of discretion and the aggrieved party has no adequate remedy by ordinary appeal. *Tilton v. Marshall*, 925 S.W.2d 672, 682 (Tex. 1996); *see Garcia v. Peeples*, 734 S.W.2d 343, 345 (Tex. 1987). To determine whether the trial court abused its discretion in denying discovery, we review the entire record, mindful that "the ultimate purpose of discovery is to seek the truth, so that disputes may be decided by what the facts reveal, not by what facts are concealed." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). Erroneous denial of discovery going to the heart of a party's case severely compromises a party's ability to present a viable claim or defense at trial, rendering the appellate remedy inadequate. *Able v. Moye*, 898 S.W.2d 766, 772 (Tex. 1995).

A party seeking to avoid discovery must show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. *Garcia*, 734 S.W.2d at 345; *Brewer & Pritchard, P.C.*, 167 S.W.3d at 466. "If the discovery sought is within the scope of Rule 192 of the Texas Rules of Civil Procedure, a trial court may not grant a protective order limiting discovery unless the party seeking such protection has met this burden." *Brewer & Pritchard, P.C.*, 167 S.W.3d at 466 (citing *Masinga v. Whittington*, 792 S.W.2d 940, 940-41 (Tex. 1990)). In other words, a party resisting discovery cannot simply make bare and conclusory allegations that the requested discovery is unduly burdensome or duplicative; the party must instead produce some evidence supporting its request for a protective order. *Garcia*, 734 S.W.2d at 345.

Here, Cavco did not produce any evidence at the hearing, nor did it attach any evidence to its motion for protective order. Instead, Cavco's attorney simply argued that, having already produced its representative for a deposition that was suspended by the Campbells' counsel,

Cavco should not be forced to produce him a second time. Cavco's attorney also represented to the trial court that the Campbells' attorney had behaved inappropriately during depositions of other witnesses in the case and that this was not the first time that the attorney had unilaterally terminated a deposition.

Although the trial court might have reasonably assumed that Cavco would incur *some* expense from having to send Ball, or any other corporate representative, to Texas from Arizona for another deposition, nothing in the record demonstrates that this would have been *unduly* burdensome for Cavco. *See ISK Biotech Corp. v. Lindsay*, 933 S.W.2d 565, 568-69 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding) ("[M]erely showing that a discovery request is burdensome is not enough; it is only *undue* burden that warrants nonproduction."); *see also In re Amaya*, 34 S.W.3d 354, 358 (Tex. App.—Waco 2001, orig. proceeding) ("Many deponents consider any deposition harassing and burdensome and perhaps annoying, but unless the purpose of the deposition can be shown to be only for an improper purpose, or unless it is an *undue* burden, the trial court cannot limit the deposition on these bases."). It goes without saying, therefore, that the record also fails to demonstrate that a less severe sanction, such as requiring that any future deposition of Cavco's corporate representative be taken in Arizona, would have been unduly burdensome to Cavco. Furthermore, the reference by Cavco's attorney to how the Campbells' counsel had allegedly acted during other depositions is not evidence on which the trial court could have properly based its protective order. *See In re Amaya*, 34 S.W.3d at 358 (attorney's argument at hearing is no substitute for evidence to show time, expense, or burden necessary to justify protective order).

In view of the foregoing, we conclude that the trial court's order prohibiting the Campbells from taking the deposition of any representative or employee from Cavco—effectively foreclosing all discovery as to that defendant—was unreasonably harsh under the circumstances. Although a trial court has great latitude in limiting discovery requests by time, place, and subject matter, *see Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995), the present order is less a limitation than it is a complete bar to discovery. In the absence of any evidence that the information sought by the Campbells was unreasonably cumulative or duplicative or was available through more convenient, less burdensome, or less expensive means, or that the burden or expense of the proposed discovery outweighed its likely benefit, *see* Tex. R. Civ. P. 192.4, granting Cavco's protective order in its entirety unreasonably restricted the Campbells' access to relevant information. *See Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992) ("[A] denial of discovery going to the heart of a party's case may render the appellate remedy inadequate.").

Accordingly, we conditionally grant the Campbells' petition for writ of mandamus and direct the trial court to vacate the portion of its order granting Cavco's motion for protection.[1] The writ will issue only if the trial court fails to comply with this opinion. *See* Tex. R. App. P. 52.8.

---

[1] We do not address whether the denial of the Campbells' motion to compel Cavco to designate and produce a corporate representative for deposition in Austin, Texas on June 4, 2010, was an abuse of discretion, as that issue is now moot.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Filed:   August 31, 2010

6