**Affirmed and Memorandum Opinion filed May 28, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00206-CV

_____

### ROBERT GONZALES, Appellant

### V.

### HOUSTON INDEPENDENT SCHOOL DISTRICT AND ANDRIA SCHUR, Appellees

_____

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2012-64902**

_____

## M E M O R A N D U M   O P I N I O N

In two issues, appellant, Robert Gonzales, appeals the trial court's order granting summary judgment on his suit for retaliation against Houston Independent School District ("HISD") and Andria Schur. We affirm.

### I. BACKGROUND

HISD voted not to renew Gonzales's contract of employment at the end of

the 2010-2011 contract term.[1]  Gonzales filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), asserting that HISD had discriminated against him on the basis of age.  He did not include retaliation in his charge of discrimination.  The EEOC dismissed Gonzales's charge and issued a notice of right-to-sue letter.

In October 2012, Gonzales sued HISD for retaliation under the Texas Commission on Human Rights Act and for a declaratory judgment pursuant to the Texas Uniform Declaratory Judgment Act.  *See* Tex. Labor Code Ann. § 21.055 (West, Westlaw through 2013 3d C.S.); Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (West, Westlaw through 2013 3d C.S.).  HISD served requests for production and interrogatories in April 2013.[2]  Gonzales did not respond to these discovery requests.  HISD agreed to an extension of time for Gonzales to respond until July 2013—Gonzales again did not respond.

In August 2013, HISD filed a motion to compel Gonzales's responses.  The trial court granted the motion, ordering Gonzales to respond by October 24, 2013, and ordered Gonzales to pay costs.  Gonzales did not respond.  In September 2013, HISD served requests for admissions, which responses and objections would be due on or before October 7, 2013.  Gonzales did not respond.  As a result, the requests for admission were deemed admitted.  *See* Tex. R. Civ. P. 198.2(a), (c) (requiring written responses within 30 days of service and, providing that, if responses not timely served, the requests are considered deemed).  On October 31, Gonzales filed an unverified motion to strike deemed admissions, but he did not set the motion for submission or hearing with the court.

---

[1]  Andria Schur was the principal of the school where Gonzales taught, and in his petition, Gonzales complained of some of her actions.

[2]  The docket control order, signed in May 2013, set the deadlines for discovery and dispositive motions as November 1.

HISD served its no-evidence and traditional motion for summary judgment on November 1, 2013 and set the motion for submission on November 25, 2013. Gonzales's response would have been due on November 18; however, he did not file a response. Rather, on November 12, 2013, Gonzales filed a "request for oral submission and a motion for continuance of the submission date," which he did not set for submission or hearing. HISD filed an opposition to Gonzales's request and stated that the motion remained set for submission on November 25, 2013. Also, on November 15, 2013, Gonzales filed a motion for continuance of the trial setting. Gonzales did not file a response to HISD's motion for summary judgment.

On November 27, the trial court granted HISD's motion for summary judgment and dismissed Gonzales's claims with prejudice.

## II. ANALYSIS

In his first issue, Gonzales contends the trial court erred in denying his motion for continuance of the hearing on summary judgment and granting HISD's motion for summary judgment without adequate time for discovery.

## A.     Motion for Continuance and Motion to Strike Deemed Admissions.

In his "request for oral submission and motion for continuance," filed on November 12, 2013, in advance of the deadline to file a response to HISD's motion, Gonzales acknowledged the submission date for the motion for summary judgment was November 25, 2013. Gonzales also asserted he had not completed discovery and "certain evidence through discovery is necessary" for the purpose of identifying a genuine issue of material fact. The motion was verified.

HISD responded to the motion explaining that the original deadline[3] for dispositive motions was November 1, 2013 and, based on that deadline, it had

_____

[3]     Gonzales and HISD filed an "Expedited Motion for Extension of Deadlines" on

3

prepared and filed its motion for summary judgment. HISD further urged that Gonzales failed to show sufficient cause for his request for continuance or that he had used due diligence in his discovery efforts. HISD reiterated that the submission date for its motion for summary judgment remained November 25, 2013.

Gonzales complains that the trial court erred by denying his motion for continuance of the submission date on HISD's motion for summary judgment and by denying his motion to strike deemed admissions. The record does not contain a notice of hearing or submission for either his motion to strike deemed admissions or his motion for continuance of the motion for summary judgment. Thus, Gonzales has waived appellate complaint of these issues. Tex. R. App. P. 33.1(a) (requiring as a prerequisite for appellate review that the trial court be made aware of the complaint and that it rule, either expressly or implicitly, or refuse to rule, and the complaining party objected to that refusal). We overrule Gonzales's first issue.

**B.      Motion for Summary Judgment**

In his second issue, Gonzales argues the trial court erred in granting HISD's motion for summary judgment.

We apply the *de novo* standard of review to both no-evidence and traditional motions for summary judgments. *See Ferguson v. Bldg. Materials Corp. of Am.,* 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). When reviewing a summary

---

October 29, 2103, seeking an extension of the discovery and mediation deadlines and the trial setting. The trial court granted the motion on November 5, 2013 and extended deadlines for discovery and filing of dispositive motions. Gonzales also requested, and the trial court granted, a continuance of the trial setting. This motion for continuance, filed on November 15th, did not reference or seek continuance of the November 25, 2013 submission date for the motion for summary judgment.

4

judgment, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

In a no-evidence motion for summary judgment, the movant must state the specific element or elements of each cause of action on which it urges there is no evidence. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). In reviewing the no-evidence motion, we consider only those grounds set forth in the motion. *See Johnson v. Felts*, 140 S.W.3d 702, 706 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

To defeat a no-evidence motion, the nonmovant is not required to marshal all of its proof, but it is required to point to evidence raising a fact issue on the challenged elements of the cause of action. *Johnson*, 140 S.W.3d at 707. The trial court is required to grant a no-evidence motion unless the nonmovant raises a genuine issue of material fact on each challenged element. Tex. R. Civ. P. 166(a)(1); *Patidar v. Bank of America, N.A.*, 442 S.W.3d 789, 792 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam)). Where the nonmovant fails to file a response to a proper no-evidence motion, the nonmovant is precluded from asserting on appeal that the trial court erred in granting the motion. *Burnett v. Carnes Funeral Home, Inc.*, No. 14-12-01159-CV, 2014 WL 2601567, at *4 (Tex. App.—Houston [14th Dist.] June 10, 2014, no pet.) (mem. op.); *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Gonzales contends the trial court erred in granting the no-evidence motion for summary judgment because adequate time for discovery had not passed. *See* Tex. R. Civ. P. 166a(i) (requiring that no-evidence motion for summary judgment not be filed until after adequate time for discovery). When a no-evidence motion is

5

filed before the end of the discovery period, as occurred here, the motion may be appropriate as long as the nonmovant had adequate time for discovery. *See McInnis v. Mallia,* 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (concluding whether there was adequate time for discovery depends on the nature of the case, the nature of the evidence needed to controvert a no-evidence motion, the length of time the case was on file, the amount of time the no-evidence motion was on file, whether movant had requested more strict deadlines, the amount of discovery that had already taken place and whether the discovery deadlines were vague or specific) (citing *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). We review the trial court's determination on adequate time for discovery under the abuse-of-discretion standard. *Brewer & Pritchard,* 167 S.W.3d at 467.

Gonzales filed his suit under the expedited Level 1 discovery control plan. The trial court ordered Gonzales to file responses to HISD's discovery requests a week before the dispositive-motion deadline. The record contains no responses. Additionally, as noted above, there is nothing in the record to indicate Gonzales had engaged in discovery in the year between the filing of the suit and the dispositive-motion deadline. We hold the trial court did not abuse its discretion in considering HISD's no-evidence motion for summary judgment.

Turning to the propriety of the trial court order granting the no-evidence motion for summary judgment, it is undisputed that Gonzales did not file a response to the motion, nor did he seek leave to file a late response.[4] Thus, Gonzales's "failure to respond is fatal to [his] ability to successful assert on appeal

---

[4] Gonzales filed a motion for continuance of the summary judgment hearing. Because the motion failed to comply with the requirements Tex. R. Civ. P. 252, we overruled Gonzales's first issue asserting that the trial court abused its discretion in denying the motion for continuance of the summary judgment hearing.

that the trial court erred in granting the [no-evidence motion for summary judgment]." *See Burnett*, 2014 WL 2601567, at *4 (citing *Transcon. Ins. Co.,* 321 S.W.3d at 692). Because Gonzales filed no response raising a genuine issue of material fact on or before the November 18, 2013 deadline for filing a response, the trial court was obligated to grant HISD's motion. *See* Tex. R. Civ. P. 166a(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 328 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("A no-evidence summary judgment must be granted if the party opposing the motion does not respond with competent summary judgment evidence that raises a genuine issue of material fact."). We hold the trial court did not err in granting HISD's motion. We overrule Gonzales's second issue.

We affirm the judgment of the trial court.


/s/    John Donovan
        Justice


Panel consists of Justices Christopher, Donovan and Wise.